## HENRY WARNER v. THE STATE.

No. 14280.   Delivered June 24, 1931.
Rehearing Denied October 28, 1931.

The opinion states the case.

*John E. Clarke,* of Hillsboro, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxciating liquor for purposes of sale; punishment, five years in the penitentiary.

Article 62, P. C., and the authorities construing it provide that if one charged with a felony less than capital be also properly charged with having been convicted at some time prior to the commission of the last offense, of another felony which is "the same offense, or one of the same nature," he shall receive the highest penalty which can be affixed for the offense last committed.   Appellant was charged with possessing intoxicating liquor for purposes of sale, and it was alleged that at a prior time he had been convicted of the offense of selling intoxicating liquor.   The state's theory evidently was and is that the two offenses charged were the same or of the same nature.   Appellant contends that they are not.   The question is somewhat difficult and important.

In Ex parte Muckenfuss, 55 Texas Crim. Rep., 216,—a misdemeanor case,—this court held, in substance, that all offenses involving a violation of the sanctity of the Sabbath were "the same offense" whether they be keeping a theater open on Sunday, horse racing on Sunday, selling goods on Sunday, etc. Entertaining the greatest respect for the eminent judge who wrote in that case, we think it wrong to lay down the rule that offenses possessing only a single element of sameness are therefore the same or of the same nature, and we think our opinion went too far in what we said approving the Muckenfuss case, in Strickland v. State, 28 S. W. (2d) 818. All rape, equally with all murder, is based on a necessary assault. So all bigamy and swindling proceed on the basic theory of fraud,—but it would not do at all to say that these were therefore the same offenses, or offenses of the same nature.

It is the duty of the legislature to define every crime, and make the definition clear, and to avoid matters of doubtful construction. Article 6, P. C. It is our opinion that the two expressions used in said article 62, supra; viz: "The same offense" and "of the same nature," evidence merely the purpose of the legislature to provide the higher punishment for him who so far approaches the attitude of an habitual criminal, as to follow one conviction by doing that which in substance, nature and effect is the same offense, and that though there be some differences, still the substance of the offense,—the body of the crime,—its collective elements, must be so nearly similar or identical as to justify the higher punishment as for the same offense as that formerly committed. As for instance, the subsequent taking from another of his property without his consent in any of the ways forbidden by statute, might be deemed so similar or identical as to justify pleading and proof of a prior conviction for such taking in any of the ways made penal. So also of murder, maiming and assault to murder. So also of burglary, rape, robbery, etc., and attempts or assaults with intent to commit such offense. Strickland v. State, 28 S. W. (2d) 818. In the above case reference is had to other cases for some extended discussion.

In the case before us appellant was charged with possessing intoxicating liquor for the purpose of sale, and it was further alleged that at a prior time, on a day named, he was convicted of the offense of selling intoxicating liquor. On the instant trial he was given the highest penalty for the offense charged. Having in mind what we said in Strickland's case, supra, we scarcely see how in reason it can be said that the offense of selling intoxicating liquor and possessing same *for the. purpose of sale,* are not offenses of the same nature as much so as murder and assault to murder, burglary and attempt at burglary, etc., etc. Not all violations of what is called the Dean law are identical or so similar in elements and nature as to enable them to be plead and proved as prior offenses of the same nature, but as to the possession for sale, and the sale of intoxi-

cating liquor, we are constrained to hold same of the same nature. See also Johnson v. Com., 268 S. W., 302.

There are no bills of exception in this record. We regard the evidence as sufficient to support the verdict and judgment.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The sole question decided in our original opinion was considered carefully and the conclusion therein announced was reached only after a number of consultations. This court realized it was a matter of judicial construction to determine what was meant by the use in the statute (article 62, P. C.) of the language, "The same offense, *or one of similar nature.*"

Evidently it was not in the mind of the legislature to restrict the increased punishment to cases where there had been former convictions for the same offense. If so, there was no necessity to use the additional words which make clear the purpose of the legislature to enlarge instances where increased punishments were permitted. We endavored in our original opinion to give such construction to the statute as would carry out the intention of the legislature and at the same time so restrict its meaning as not to invade the rights of one accused of crime.

The motion for rehearing is overruled.

*Overruled.*