HORACE POSEY v. THE STATE.

No. 23173. Delivered June 20, 1945.

The opinion states the case.

*C. O. McMillan* and *Joseph A. Chandler,* both of Stephenville, for appellant.

*Sam Cleveland,* District Attorney, of Stephenville, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted upon indictment alleging robbery with firearms and under the further charge that he had been previously convicted in the District Court of Wise County

of an offense of which the penalty of death was affixed as an alternate punishment, to-wit, "the offense of robbery" and that said conviction was final. He plead not guilty and testifying in his own behalf set up the defense of alibi, which was duly submitted to the jury. The penalty of life imprisonment was assessed.

There can be no contention that the evidence is insufficient to support the conviction and the only bill of exception which will be discussed complains of the failure of the court to quash the indictment. For the purpose of enhancing the penalty, the indictment, in addition to alleging the offense for which he is being charged, set forth a prior conviction in Wise County as above stated but failed to allege that the robbery for which he was convicted was by the use of firearms. It did say that it was an offense for which death might have been assessed as an alternate punishment. There is no other robbery for which this penalty will attach than by the use of firearms. It must follow that the robbery in Wise County was by the use of firearms. The important thing in that case under the allegation is that he was tried and convicted for an offense in which the alternate punishment was death. That allegation is specifically made in the indictment. The question raised is definitely settled by this court in the case of Palmer v. State, 128 T.C.R. 293, 81 S. W. (2d) 76. See also Whittle v. State, 179 S. W. (2d) 569.

The appellant has filed a very forceful brief in which it is argued that the opinion in Blake v. State, 180 S. W. (2d) 351, should have the effect of overruling Palmer v. State, supra, and Whittle v. State, supra. We do not think the Blake case could be so construed. We have no intention of receding in the least from our conclusion in the Blake case, but simply feel that it does not apply in the matter before us. A discussion leading to this conclusion would hardly seem to be necessary and, though it is tempting to discuss a matter so interestingly presented by brief, we are refraining from doing so in order to avoid possible involvement which would not contribute to the jurisprudence of our State.

Other questions are raised which are definitely not tenable and are passed without discussion.

The judgment of the trial court is affirmed.