IWANA CLYDE FARRIS V. STATE.

No. 24902. October 25, 1950.
Appellant's Motion for Rehearing Denied (Without Written
Opinion) November 29, 1950.

*Charles W. Tessmer*, Dallas, for appellant.

*George W. Blackburn*, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was indicted for the robbery by assault of one, Leroy Franklin, in the first count of the indictment; and in the second count thereof, it was alleged "that prior to the commission of the aforesaid offense by the said Iwana Clyde Farris, as charged in paragraph one hereof, he, the said Iwana Clyde Farris, on or about the 5th day of April, 1938, committed, and on the 26th day of April, 1938, was duly, legally and finally convicted of a felony, less than capital, to-wit: the offense of Burglary, an offense of the same nature as charged in paragraph one of the Indictment herein, in the Criminal District Court No. 2 of Dallas County, Texas, upon an indictment in cause No. 3868-B, styled the State of Texas vs. Iwana Farris, * * *; that the said Iwana Clyde Farris is the same person as Iwana Farris," etc.

The punishment assessed is confinement in the state penitentiary for life.

It is contended that this indictment is insufficient in that it fails to allege with what intent the prior alleged offense of burglary was committed, and that therefore it is not shown therein that the prior offense was one of like character to that of robbery, the present charge herein.

To break into and enter a house is no offense unless such breaking is accompanied by an intent to steal, or to commit a felony.

A copy of the indictment itself in Cause No. 3868-B, the prior conviction, is present in the record, and was shown to the trial court and sets forth that Iwana Farris was charged with burglary of the house of J. H. Winn with intent to steal.

Article 1389, Vernon's Ann. Tex. P.C., defines the offense of burglary as follows:

"The offense of burglary is constituted by entering a house by force, threats or fraud, at night, or in like manner by entering a house at any time, either day or night, and remaining

concealed therein, with the intent in either case of committing a felony or the crime of theft."

It is insisted that there are as many ways of committing a burglary as there are statutes defining felonies in the code; but that the only burglary that partakes of the same nature and character as robbery relates to an intent to take corporeal personal property, and thus calls for an intent to steal before a burglary can be said to partake of the same nature and character as a robbery. This is a matter of law for the determination of the court. See Warner v. State, 118 Tex. Cr. R. 351, 42 S.W. (2d) 616; Brown v. State, 140 Tex. Cr. R. 133, 143 S.W. (2d) 775.

It may have been better pleading had the pleader alleged that the prior conviction, herein set forth, was for burglary with intent to steal; and by so doing there would have been no conflict relative to the fact that burglary with intent to steal and robbery by assault partook of the same nature and character, in that both related to the unlawful acquisition of another's property. However, it is not necessary that the allegation of a prior conviction should be alleged with the same particularity as the present charge. See Neece v. State, 62 Tex. Cr. R. 378, 137 S.W. 191; Williams v. State, 109 Tex. Cr. R. 450, 5 S.W. (2d) 514.

It is insisted by the state that the allegation in the indictment relative to the former conviction of burglary goes further than such a mere allegation and explains what kind of burglary the prior conviction was based upon, and that is, a burglary of like character to the offense of robbery.

We are offered a precedent for such holding in the case of Posey v. State, 148 Tex. Cr. R. 478, 188 S.W. (2d) 392, in which the accused was charged under Article 64, P.C., with having been previously convicted of an offense to which was affixed the penalty of death as an alternative punishment, his present offense being robbery with firearms and his prior offense being set forth as robbery and not containing the phrase "with firearms." In that case we held that since in order to have an alternative punishment of death in a robbery case, it was necessary that same be "with firearms," the designation as that of robbery, which carried with it an alternative punishment of death, also necessarily carried with it robbery with firearms.

Reasoning therefrom, we are impressed with the idea that a burglary that was of like character to robbery would be a burglary with intent to steal, and is the only burglary that we can conceive of as being of such like character to robbery.

Taking into consideration the fact that the former conviction is but the recitation of an historical fact only for the purpose of an enhancement of the penalty and not a trial thereof, we are of the opinion that the appellant herein was properly put on notice of what offense his prior conviction consisted. See Whittle v. State, 147 Tex. Cr. R. 227, 179 S.W. (2d) 569; Strickland v. State, 115 Tex. Cr. R. 410, 28 S.W. (2d) 818; Warner v. State, 118 Tex. Cr. R. 351, 42 S.W. (2d) 616; Palmer v. State, 128 Tex. Cr. R. 293, 81 S.W. (2d) 76; Flores v. State, 145 Tex. Cr. R. 134, 166 S.W. (2d) 706.

Bill of Exceptions No. 1 relates to the sufficiency of the indictment, and is ruled by what we have said above. To the same effect is Bill of Exceptions No. 2, as well as Bills of Exception Nos. 3 and 4.

Bill of Exception No. 5 complains because the trial court did not declare a mistrial herein on account of the fact that the jury panel was present in the court room while appellant's attorney was presenting some preliminary motions to the court. It seems that no one noticed that the jury panel was seated in the court room until one of them approached the court with a request to be excused. Such presence was not called to the court's attention and nothing was said to the court about such presence until after the jury was selected; and no proof is present that they heard or observed anything unusual about these preliminaries. We see no error shown. The objection, if any, to their presence came too late.

Bill of Exceptions No. 6 appears to be without merit.

Bill of Exceptions No. 7 is overruled. The facts show that Iwana Clyde Farris and Iwana Farris present at this trial are one and the same persons.

Bills of Exception Nos. 8, 9, 10, and 11 are without merit.

Bill of Exceptions No. 12 relates to a question asked by appellant of the state's witness, Franklin, in an endeavor to obtain from him a comparison between his testimony at the trial and his testimony sworn to before the grand jury. We think the

court could have allowed an impeachment on any fact if it could be shown that the witness testified differently relative thereto in any specific instance, but no such instance was suggested, and therefore no merit appears in the bill.

Bill of Exceptions No. 13 relates to a showing by the state of a flight upon appellant's part and was admissible as such.

Bill of Exceptions No. 14 relates to the fact that the state, in proving a former conviction in Cause No. 3868-B, introduced the record relative to the trial court's judgment and sentence therein, such being found in Book 14, page 385 of the court's Criminal Minutes. On the same page, however, there also appears a final judgment in Cause No. 3867-B of the same court relating to the same defendant in another case. It is found by the court's qualification of this bill that this latter judgment was not read to the jury, nor by them, and same was not mentioned before them, but on account of the announced introduction of page 385, same is included in the statement of facts. We are of the opinion that no injury is shown in this bill. Surely the jury cannot have been affected by that which they never saw nor heard.

Bill of Exceptions No. 15 complains because therein it is alleged that no identification was shown between the person convicted in Cause No. 3868-B and the appellant in this case, and that they were not shown to be the same person. The witness, Dale Sedwick, testified that he was present at the trial of Cause No. 3868-B, "and the Iwana Farris that received that three years in the penitentiary at that time (in 1938) is the one and the same Iwana Farris that sits here at that table." This bill is overruled.

The bills of exception relative to the argument of the state's attorney that the testimony of the injured party was undisputed are qualified by the court in which he refused to certify that none other than appellant could have disputed the state's case. The court only certifies that appellant did not take the stand.

All other bills have been considered and are deemed to be without merit.

No error being shown by the record, the judgment will be affirmed.