**Alan Charles WILES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38852.**

Court of Criminal Appeals of Texas.

Jan. 12, 1966.

---

Rex Emerson, Houston, Court Appointed Attorney on Appeal Only, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Charles E. Bonney and Jimmy R. James, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is robbery; the punishment, enhanced under Art. 62 P.C., life.

Sentence was pronounced and notice of appeal given on May 28, 1965.

The evidence, including the testimony of the victims, appellant's oral confession and his testimony at the trial, shows that appellant, after having disarmed an officer, went into a drive-in Theater where Elmer Brooks, the person alleged to have been robbed, and Ida Lanell Pittman were sitting in Brooks' automobile watching a movie; stuck the pistol he had taken from the officer through the open car window; then opened the door and "scooted" Brooks and his companion over. He told Brooks to "crank" the car and said that he had just shot at two cops and wouldn't hesitate to shoot them.

Appellant then drove the automobile around the area for about an hour and finally left Brooks and the girl at a construction site and drove away. In the meantime he had relieved Brooks of his wallet, containing twelve or thirteen dollars, and what money he had in his pockets and had emptied Miss Pittman's purse and taken what money she had.

Following his arrest some two weeks later, appellant told Police Officer Durham that he had taken a pistol from a police officer and "had robbed these people of the car and some money" and directed Officer Durham to where he said he threw the pistol out of the car. The pistol was found and identified by its owner.

Appellant's first claim of error relates to the enhancement paragraph of the indictment, the contention being that there is no evidence to prove that the prior conviction for the offense of burglary was an offense of like character to the offense of robbery by assault.

The enhancement portion of the indictment alleged that prior to the commission of the offense of robbery, to-wit on the 11th day of January, A.D. 1963, in the Criminal District Court of Harris County, Texas, appellant " * * * in Cause No. 102912 was duly and legally convicted, in said last named court, of an offense of like character and of the same nature as that hereinbefore charged against him in this cause, to-wit, the offense of Burglary, a felony, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, and said conviction was a final conviction."

In Farris v. State, 155 Tex.Cr. 261, 233 S.W.2d 856, similar allegations were held sufficient to put the defendant on notice that the prior conviction alleged was for Burglary with intent to steal, that being the only burglary that was of like character to robbery.

▬ Appellant contends, however, that his stipulation before the court prior to the

selection of the jury cannot and will not sustain a finding that the burglary conviction was burglary with intent to commit theft and not burglary with intent to commit some felony such as rape.

The stipulation relied upon by the state, and by reason of which the enhancement count of the indictment was not read or mentioned to the jury, is shown in the statement of facts as follows:

"MR. GILL: I want this understood. He will stipulate and agree to this prior conviction.

"THE COURT: All right.

"MR. JAMES: May it be stipulated between the Defendant, Alan Charles Wiles, his attorney, Mr. Gill, and myself for the State that this is the same Alan Charles Wiles who was previously convicted in the Criminal District Court of Harris County, Texas, on the 11th day of January, 1963, in Cause No. 102912, of the offense of burglary and it was a final conviction prior to the alleged offense included in Cause No. 113,960, burglary with intent to commit theft, and that this is the same Alan Charles Wiles in this case, Cause No. 113,960, that has been previously described in this stipulation.

"THE COURT: Now, do you agree and stipulate to that, Counsel?

"MR. GILL: As his attorney, yes sir.

"THE COURT: Wiles, you agree and stipulate to that? You are making demand that this not be read to the jury or mentioned to the jury panel.

"THE DEFENDANT: Yes sir."

While more care should have been exercised in entering the stipulation, we note that appellant's counsel referred to "this prior conviction"; the burglary conviction was described by date, number and court as a final conviction of the appellant for burglary and the phrase "burglary with intent to commit theft" appearing in the stipulation cannot properly be applied to any other burglary than that alleged for enhancement in the indictment for robbery.

The prior conviction was stipulated rather than proved before the jury for appellant's benefit and at his request.

We conclude that the stipulation is sufficient to relieve the state of the necessity of further proof to sustain the allegation of the indictment that appellant had been previously convicted, in the cause described, of an offense of like character and of the same nature as robbery; to-wit, Burglary.

The reasoning in Farris v. State, 155 Tex.Cr. 261, 233 S.W.2d 856, cited by appellant, is deemed applicable.

■ We here note that if in fact the prior conviction was not for burglary with intent to steal, and was not therefore available to enhance the punishment for robbery under Art. 62 P.C., relief by habeas corpus would be available upon proof of such fact.

■ The remaining claim for reversal is that the trial court committed error in not allowing a separate hearing on the issue of insanity with a jury other than the convicting jury.

The issues of insanity at the time of trial and at the time the offense was alleged to have been committed were submitted to the jury and resolved against appellant.

The record shows no request for a separate preliminary trial on the issues, nor do we regard appellant's affidavit contained in his motion for continuance sufficient to require such a trial.

The judgment is affirmed.