Melvin BEVINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 40876.

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Talmadge Boyd, Fred L. Williams, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Wells Stewart and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary, with a prior conviction of an offense of like character alleged for enhancement; the punishment, twelve years.

The State's evidence shows that on the day in question the appellant and a companion were observed by Johnnie Attaway, Jr. and his employee entering Attaway's grocery store. After removing a carton, the contents of which are in dispute, from the store to the open trunk of appellant's car parked at the rear of the store, appel-

lant was confronted by Attaway, who was brandishing a pistol and who ordered him to return the carton to the store. This appellant did, but, undaunted by Attaway's pistol and the shot he fired at one of the tires of his automobile, appellant disregarded the gunpoint orders of Attaway to await the arrival of the police, and he and his companion fled in his car at a high speed. Attaway and his father chased appellant for some five miles at speeds up to ninety miles per hour, finally succeeded in halting appellant's car, and there awaited the police.

Appellant's version of the incident was that he had taken an empty box containing some lettuce leaves from the rear of Attaway's store and that he was not guilty of any offense because the box and its contents were of no value.

Attaway testified that he observed appellant and his companion at the back of his store and saw him "check the door" and later saw him enter the store where he stayed for a minute and then, acting upon a motion of his companion's left hand, leave the store and place an unopened carton of coffee in the back of his automobile. He further testified that there were no empty cartons in the room which the appellant entered.

Attaway's employee explained what is meant by "checking the door" by saying that he observed appellant and his companion trying to "see if they could get in or not". He stated that he saw appellant's companion open the door, then close it, and then make a "circle with his fingers" toward the appellant, who then came to the building from where he had been watching his companion "check the door" and entered the same.

■ Since the owner testified that there were no empty cartons in the room entered by appellant, we have concluded that the evidence is sufficient to show that appellant stole a full carton containing 24 one-pound cans of coffee described by the witnesses.

Appellant's remaining grounds of error relate to the sufficiency of that portion of the indictment charging the appellant with the conviction of another offense for enhancement purposes. The indictment reads in part as follows:

"And the Grand Jurors aforesaid do further present that prior to the commission of the aforesaid offense by the said Melvin Bevins, to-wit on the 7th day of June, A.D. 1961, in the Criminal District Court No. 2 of Harris County, Texas, the said Melvin Bevins, in cause No. 95844 was duly and legally convicted, in said last named court, of an offense of like character and of the same nature as that hereinbefore charged against him in this cause, to-wit, the offense of burglary, a felony, upon an indictment then legally pending in said last named court and of which the said court had jurisdiction, and said conviction was a final conviction."

Appellant testified that he committed a burglary in 1961, and that he was convicted of such offense in 1961. It was stipulated by the appellant that he was the same Melvin Bevins who was convicted of burglary in Cause No. 95844 in June, 1961.

The issue appellant raises is whether the offense for which he was convicted in 1961, to wit, burglary, is of a like character and of the same nature as the offense charged in the present indictment, which is burglary with intent to commit theft.

■ The purpose of reciting the former conviction of appellant to enhance the penalty assessed in the present cause is to put the appellant on notice of what his prior conviction consisted. Farris v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856, and cases cited therein at p. 858. "It is not necessary that the allegation of a prior conviction should be alleged with the same particularity as the present charge." Farris v. State, supra, 233 S.W.2d at p. 858.

Having admitted the conviction by testimony from the witness stand and by stipulation, appellant cannot be now heard to complain that he was not put on sufficient notice to know with what he was being charged.

 This Court has held before that a "burglary" conviction is available to enhance the punishment for a conviction for the offense of burglary with intent to commit theft. Covarrubias v. State, 169 Tex. Cr.R. 288, 334 S.W.2d 187. See also Warden v. State, Tex.Cr.App., 366 S.W.2d 786, and Strickland v. State, 115 Tex.Cr.R. 410, 28 S.W.2d 818.

Finding no reversible error, the judgment is affirmed.