**Walter Larry GIBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44157.**

Court of Criminal Appeals of Texas.

Oct. 26, 1971.

Rehearing Denied Dec. 14, 1971.

Percy Foreman, Houston, (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., William W. Burge, Asst. Dist. Atty., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery by assault. After a verdict of guilty by the jury, the judge assessed the punishment at twenty-five years.

The indictment charged the appellant with robbery by assault of Katherine Scopel. A paragraph of the indictment alleged that appellant had been convicted on the 16th of December, 1966, in the Criminal District Court No. 3 of Harris County, Texas, in Cause No. 123078 for an offense of like character and the same nature as that charged against him in this cause, the offense of burglary.

The sole contention of the appellant is that the trial court should not have considered the prior conviction for any purpose because it was not shown that it was bur-

glary with intent to commit theft and not an offense of like character to that of robbery.

Appellant relies upon Farris v. State, 155 Tex.Cr. 261, 233 S.W.2d 856, where this Court held that the only burglary that was of like character to robbery would be a burglary with intent to steal. The Court also held in Farris that the allegation of the prior conviction was "[for] the offense of burglary, an offense of the same nature as charged in paragraph one (robbery by assault)" was sufficient.

The appellant, joined by his attorney, and the prosecutor stipulated that the "defendant himself * * * Walter Larry Gibbs named in the judgment, Cause No. 123,078, and sentenced in State's Exhibit No. 5 is the same Walter Larry Gibbs seated here and on trial today, the judgment dated December 16, 1966 and that that conviction was a final conviction."

It is not necessary to decide if the stipulation showed the prior conviction was for an offense of like character, because evidence of the prior conviction at the penalty stage of the trial was properly before the Court under Article 37.07, Section 3(a), Vernon's Ann.C.C.P., which provides:

"Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged."

The judge, evidently, did not enhance punishment under Article 62, Vernon's Ann.P.C.

No error has been shown. The judgment is affirmed.

ROBERTS, J., not participating.