Jimmy Powell **STEWART**, Appellant,

v.

**The STATE of Texas**, Appellee.

No. 44544.

Court of Criminal Appeals of Texas.

March 1, 1972.

Tim K. Banner (On Appeal Only), Melvyn Carson Bruder, Dallas (On Appeal Only), for appellant.

Henry Wade, Dist. Atty., and Edgar A. Mason, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for robbery. Trial was before a jury, which set the punishment at imprisonment for life, a prior conviction being alleged in the indictment for enhancement purposes. Appellant raises four grounds of error. However, in light of our disposition of this case, we need consider only his third and fourth grounds.

In his third and fourth grounds of error, appellant contends that there was no evidence that the prior conviction, which was for burglary, was an offense of the same nature as the present offense, robbery, and that therefore his punishment was improperly enhanced under Article 62, Vernon's Ann.P.C.

It is well settled that the only form of burglary which is an offense of the same nature as robbery is burglary with intent to commit theft. Schmeideberg v. State, 415 S.W.2d 425 (Tex.Cr.App.1967); Farris v. State, 155 Tex.Cr.R. 261, 233 S. W.2d 856 (1950).

In the instant case, the State offered certified copies of the judgment of conviction and sentence in the prior proceeding, both of which recited that the appellant had been convicted of burglary. There

was no indication as to the type of burglary. The indictment in the prior cause was not introduced into evidence. The charge authorized the jury to enhance appellant's punishment if they found that appellant had been previously convicted of burglary as alleged in the indictment. The indictment alleged only that appellant had been convicted of burglary, an offense of like character. Thus, the jury did not find that appellant had been convicted of burglary with intent to commit theft.

During the punishment stage of the trial, a hearing was held, out of the presence of the jury, on Appellant's Motion to Suppress Evidence, which sought to exclude evidence of the prior conviction. Appellant contended that he was without counsel at the time of the prior conviction, a contention he does not raise on appeal. At this hearing, appellant took the stand for the limited purpose of testifying on his Motion to Suppress. His testimony, in part, was as follows:

"Q Stewart, you are one and the same who was convicted in Cause No. 9934 in Grimes County, Texas, with the offense of burglary with the intent to commit theft in the State of Texas versus Jimmy Powell Stewart, are you not?

"A Yes, that's right."

However, he later testified thusly:

"Q One other question, Jimmy. Now, do you know specifically what the burglary charge alleged in Count Two of the indictment of the case we are trying now, the burglary charge in Grimes County, do you know what they charged you with specifically?

"A No, sir.

"Q All right now, a minute ago the District Attorney asked you a long question there, and asked you if you were charged or convicted there of burglary with intent to commit

theft. Do you know of your own knowledge whether that burglary charge was with an intent to commit theft?

"A It was just a burglary charge."

The State contends that this testimony was sufficient to establish that the conviction was for burglary with intent to commit theft. The State maintains that the issue of whether a prior conviction was for an offense of the same character is a question of law for the court, and that appellant's testimony before the court established that the prior conviction was of the same character, as a matter of law.

■ We feel that the State is correct in its statement of the law, but incorrect in its application of the law to the facts of this case. Whether a particular offense is an offense of the same character is a question of law for the court. Jones v. State, 470 S.W.2d 874 (Tex.Cr.App.1971); Farris v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856 (1950); Brown v. State, 140 Tex.Cr.R. 133, 143 S.W.2d 775 (1940); Warner v. State, 118 Tex.Cr.R. 351, 42 S.W.2d 616 (1931). However, whether the defendant was convicted of the commission of a particular offense is a question of fact for the jury.

■ In the instant case, there was no evidence before the jury that the prior burglary was committed with intent to commit theft. Likewise the jury's finding was only that appellant had been convicted of burglary. This finding was not sufficient to allow punishment to be enhanced under Article 62, V.A.P.C.

Had there been evidence before the jury that the conviction was for burglary with intent to commit theft, and had the jury been charged that if they so found, they must enhance punishment, then the enhancement would be proper. The appellant's admission would have been sufficient if it had been made before the jury. Likewise, if the State had offered a copy of the indictment in the prior cause, which in-

dicated that the conviction was for burglary with intent to commit theft, the enhancement would have been proper. Robertson v. State, 418 S.W.2d 678 (Tex.Cr. App.1967).

For the reasons stated, the judgment is reversed and the cause is remanded.