**Floyd Ray CULVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45370.**

Court of Criminal Appeals of Texas.

Nov. 22, 1972.

---

Emmett Colvin, Jr., Lawrence Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a robbery by assault conviction wherein the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., was assessed at life.

At the outset, appellant contends the evidence adduced is insufficient to sustain the jury's verdict authorizing enhancement of punishment under Article 62, supra.

The second paragraph of the indictment alleged the appellant had been previously convicted ". . . of a felony less than capital and one of like character as alleged against him in the first paragraph hereof, to wit, Burglary, as charged in the indictment, . . ." in the Criminal District Court of Dallas County, Texas, in Cause No. C–66–3100–KH on January 27, 1967.

It is well established that the only form of burglary which is an offense of the same nature as robbery is burglary with intent to commit theft. Farris v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856 (1950); Schmeideberg v. State, 415 S.W.2d 425 (Tex.Cr.App.1967); Stewart v. State, 476 S.W.2d 677 (Tex.Cr.App.1972).

No evidence offered at the guilt stage related to the nature of the prior conviction. At the hearing on punishment, the State offered, as part of a prison packet, certified copies of the judgment and sentence in the alleged prior conviction which instruments recited either "Burglary as charged in the indictment," or "simply "Burglary." Even though the prior conviction allegedly occurred in Dallas County where the instant trial took place, there was no effort to introduce the indictment into evidence. See Robertson v. State, 418 S.W.2d 678 (Tex.Cr.App.1967). In fact, there was no proof offered at all to indicate the nature of the prior burglary conviction.

The court's charge authorized the jury to enhance appellant's punishment, if they found he had been previously convicted of "burglary as alleged in the indictment," and as alleged in the instant indictment. The charge also instructed the jury that "the offense of burglary as charged in the second paragraph of the indictment is one of the same nature and like character, as alleged against him in the first paragraph of the indictment, to wit: robbery."

The jury found, without proof, that "each and all of the allegations set out in the second paragraph of the indictment herein, charging a final conviction for the offense of burglary, as charged in the indictment are true . . . ." The punishment was assessed at life.

As in Stewart v. State, supra, the State argues that whether a particular offense is an offense of the same nature, it is a question of law for the court. This is correct but for the court to make such determination, there must be some proof offered as a basis for such determination. While a trial court may take notice judicially *of its own records* under certain circumstances, Hardison v. State, 450 S.W.2d 638 (Tex.Cr.App.1970); Bridges v. State, 468 S.W.2d 451 (Tex.Cr.App.1971), the prior conviction here was not in the same court so as to evoke any consideration of the question.

Further, as in *Stewart*, there was no evidence before the jury as to the nature of the earlier burglary conviction to support its finding.

For the reasons stated, the judgment is reversed and the cause remanded.