In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-505 CR


____________________



RICK WAYNE SEARS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 01-04-02462-CR






O P I N I O N


 A jury convicted Rick Wayne Sears of aggravated sexual assault of a child and,
upon finding the State's enhancement allegation "true," sentenced Sears to confinement
for life in the Texas Department of Criminal Justice, Institutional Division. Sears appeals
raising three issues.

 Issue one contends the evidence adduced during the punishment phase of the trial
was legally insufficient to sustain the jury's finding of "true" to the State's enhancement
allegation. Defense counsel objected to the judgment entered by the State purporting to
establish Sears' 1982 conviction on the grounds: 


 it did not recite whether or not the defendant knowingly and intelligently and
voluntarily waived the right to trial by jury; [the judgment reflects a plea of
"guilty"]
 there was no thumb print of the defendant on the judgment;
 the judgment was not signed by the defendant;
 the degree of the offense was not listed on the judgment; and
 the attorney that represented the defendant at the time was the same attorney that
fell asleep during a capital trial. 


The judgment does recite that the defendant waived his right of trial by jury, was
admonished by the Court of the consequences of his plea, and that it plainly appeared to
the Court that the plea was free and voluntary. Article 42.01 of the Texas Code of
Criminal Procedure in effect at the time judgment was entered did not require the
defendant's thumbprint, the defendant's signature, or the degree of the offense to be stated
in the judgment. See Act of May 31, 1981, 67th R.S., ch. 291, § 111, 1981 Tex. Gen.
Laws 809. But see Tex. Code Crim. Proc. Ann. art. 42.01, §1 (14), (23) (Vernon Supp.
2002). On appeal, no argument is made regarding the quality of counsel in 1982. 

 Furthermore, during punishment, the State offered Exhibit Number 1, a pen packet
purporting to be evidence of Sears' 1982 conviction, and Exhibit Number 2, a card of
Sears' recently obtained fingerprints. Jimmy Chilcutt, latent fingerprint examiner for the
Conroe Police Department, testified for the State. Chilcutt testified he took a print of
Sears' right index finger twenty minutes ago and it matched the right index finger of the
ten-print card from the pen packet. Chilcutt then answered, "Yes" when asked if it was
his opinion that the Mr. Rick Wayne Sears he just took the fingerprints from matched the
fingerprints in State's Exhibit Number 1. Exhibit Number 2 is, in fact, a card with prints
purporting to be from the index and middle fingers of Sears' left hand. Defense counsel
moved the exhibits not be admitted into evidence and for a directed verdict on the basis
that Chilcutt testified he took the fingerprints from the right hand but Exhibit Number 2
was of the left hand. The State countered, "they have already been admitted. He might
have put it on the left hand. He said they were the right fingerprints. We will stop him
and bring him back in. Both exhibits have already been admitted into evidence." The trial
court then overruled defense counsel's objection. 

 Although it would have been preferable for the State to clear up any confusion
resulting from the fact that the card appears to contradict Chilcutt's testimony, Chilcutt did
testify that he took Sears' right index fingerprint and it matched the right index fingerprint
on the card in the pen packet. Accordingly, we cannot say the evidence is legally
insufficient to support the jury's finding of "true." Issue one is overruled.

 In his second issue, Sears claims the trial court violated his due process right to
notice under the Sixth and Fourteenth Amendments of the United States Constitution when
it allowed the State to present enhancement evidence over Sears' objection that he had
received inadequate notice of the State's intent to offer the evidence. We agree.

 The State filed a Notice of Intent to Prove Witness's Convictions Pursuant to Texas
Rule of Criminal Evidence 609 on September 28, 2001, notifying Sears of its intent to
introduce evidence of his August 6, 1982, conviction for aggravated sexual abuse of a
child. Subsequently, on Friday, October 5, 2001, the State filed a Notice of Enhancement
Allegations to be Submitted to Fact Finder at Punishment, notifying Sears of its intent to
enhance the punishment range in this cause with his August 6, 1982, conviction. Trial
began the following Monday. Prior to trial, defense counsel objected to the State seeking
to enhance the punishment range, noting the indictment failed to include an enhancement
paragraph. The State argued that under Brooks v. State, 957 S.W.2d 30 (Tex. Crim. App.
1997), it was not necessary to put it in the indictment and the defense was given notice
Friday. The State also asserted it had been "discussed" and the pen pack was in the State's
file. Defense counsel countered the notice was not timely and questioned whether the
"Notice" constituted a "pleading" within the meaning of Brooks. The State claimed the
Defense was not surprised and that the notice sufficed under Brooks. 

 The trial court concluded the Rule 609(f) notice was not a pleading but found the
October 5th notice of enhancement allegations was, and overruled the defense's motion. 
Defense counsel then requested a continuance "based on the new pleading that has been
presented as of last Friday." The State strenuously objected and contended the defense
"should be prepared. They have seen the file." The trial court then denied the motion for
continuance. The trial court did note, "[i]t does concern me that it wasn't even in the file
until the 5th on Friday and set for trial on Monday, but it is pleadings and the Brooks
matter seems to say that's all that has to be there. . . ." Defense counsel pointed out that
in Brooks, the court found error was waived by failing to object. 

 We first note that the sole issue decided in Brooks was whether the enhancement
paragraphs must be pleaded in the indictment; the Court of Criminal Appeals held they do
not. Brooks, 957 S.W.2d at 34. Brooks did not decide, and it was not an issue, whether
the notice was timely. In Brooks, the defendant was notified "months before trial" that the
State intended to seek an enhanced punishment range. Brooks v. State, 921 S.W.2d 875,
879 (Tex. App.--Houston [14th Dist.] 1996). It is important to recognize that in this case
Sears pleaded "not true" to the enhancement allegation, unlike Brooks; Sears was not
notified months before trial the State sought to enhance his sentence, unlike Brooks; and
Sears' defense counsel did complain the enhancement allegation surprised him and that he
was unprepared to contest the allegation, unlike Brooks. Id. Therefore, while the State
was correct in arguing to the trial court that Brooks did not require the allegation to be in
the indictment, that is the sole extent to which Brooks applied to the case at bar. Brooks,
957 S.W.2d at 34.

 We reject the State's position that anything other than the notice filed October 5th
could satisfy the requirement that "prior convictions used as enhancements must be pled
in some form." Id. at 34. "The Court has always held that enhancement allegations must
be set forth in writing." Chimney v. State, 6 S.W.3d 681, 696 (Tex. App.--Waco 1999,
pet. filed) (citing Brooks, 957 S.W.2d at 34; and Farris v. State, 155 Tex.Crim. 261,
263-64, 233 S.W.2d 856, 858 (1950)). The accused has a right to be advised that a
greater penalty is to be sought. See Hollins v. State, 571 S.W.2d 873, 876 (Tex. Crim.
App. 1978). Sears was not so advised until October 5th. The State's notice that if Sears
testified he would be impeached with the prior conviction in no way informed him that he
was facing a mandatory life sentence if convicted. Neither did the fact that the State's file
contained the pen pack cure the infirmity. Were we to accept the State's position that it
was somehow defense counsel's duty to anticipate the State would seek enhancement, the
notice requirement would be useless. Accordingly, the issue we must determine is whether
notice given sometime on Friday before trial begins on Monday satisfies a defendant's
right to notice.

 As Brooks notes "[t]he theme through all of these cases appears to be that a
defendant is entitled to notice of prior convictions to be used for enhancement." Brooks,
957 S.W.2d at 33 (emphasis added). An accused is entitled to proper notice of any prior
conviction alleged for enhancement of punishment. See Hollins, 571 S.W.2d at 875
(emphasis added). Proper notice constitutes "'a description of the judgment of former
conviction that will enable [the accused] to find the record and make preparation for a trial
of the question whether he is the convict named therein.'" Id. at 875 (quoting Morman v.
State, 127 Tex. Crim. 264, 75 S.W.2d 886 (1934)). Sears was given less than one full
business day, and two weekend days, to make such preparations. 

 We do not determine a certain time frame but mark that ten days' notice is
considered sufficient in a number of instances. Appointed counsel is allowed ten days to
prepare. See Tex. Code Crim. Proc Ann. art. 1.051(e) (Vernon Supp. 2002). Upon
request, a defendant is given ten days to respond to an amended indictment or information. 
See Tex. Code Crim. Proc Ann. art. 28.10(a) (Vernon 1989). Absent a waiver, a
probationer is entitled to be served with a motion to revoke at least ten days before the
hearing. See Campbell v. State, 456 S.W.2d 918, 920 n.3 (Tex. Crim. App. 1970). 
Notice is presumptively "reasonable" if given at least ten days before trial. See Chimney, 
6 S.W.3d at 694.

 For the reasons stated above, we find the notice given was not timely; thus the trial
court erred in permitting the State to enhance the punishment range in this cause. As the
error is constitutional, it is reversible unless we determine beyond a reasonable doubt it
did not contribute to the punishment assessed. See Tex. R. App. P. 44.2(a). Because of
the error, the jury was instructed to assess punishment at confinement for life, as opposed
to being permitted to assess punishment somewhere in the range of five to ninety-nine
years. Compare Tex. Pen. Code Ann. § 22.021(e) (Vernon Supp. 2002) and Tex. Pen.
Code Ann. § 12.42(c)(2) (Vernon Supp. 2002). Clearly then, the error contributed to the
punishment. Issue two is sustained. Because sustaining issue three would not result in
greater relief, it is not addressed. 

 The conviction is affirmed. Because the error occurred during the punishment
phase, we reverse the judgment and sentence of the trial court and remand the cause to the
trial court for a new punishment hearing. See Young v. State, 922 S.W.2d 676, 678 (Tex.
App.--Beaumont 1996, pet. ref'd); Tex. Code Crim. Proc Ann. art. 44.29(b) (Vernon
Supp. 2002). 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. 


 ________________________________

 DON BURGESS

 Justice


Submitted on August 21, 2002 

Opinion Delivered November 20, 2002

Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.


CONCURRING OPINION



 I concur in the result reached by the lead opinion. The core of due process is the
right to notice and a meaningful opportunity to be heard. LaChance v. Erickson, 522 U.S.
262, 266, 118 S.Ct. 753, 139 L.Ed.2d 695, 700 (1998); Cleveland Bd. of Ed. v.
Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); Ex parte Geiken,
28 S.W.3d 553, 560 (Tex. Crim. App. 2000). It is obvious that appellant's liberty interest
was at stake in the criminal prosecution he faced in the trial court below. Under the 
unique circumstances of this case, it is clear to me that providing trial counsel with notice
of the enhancement allegation on the Friday before the commencement of trial the
following Monday did not provide appellant with a meaningful opportunity to be heard.

 Until the State presented trial counsel with the proper notice of the enhancement
allegation, appellant was on notice that his punishment exposure was to be that of a first
degree felon - - "life or for any term of not more than 99 years or less than 5 years." 
Tex. Pen. Code Ann. § 12.32 (Vernon 1994). Section 12.32 can be said to provide for
a range of punishment options with regard to the number of years of incarceration for the
discretion of the punishment factfinder. Trial counsel might consider a number of trial
strategies in an attempt to mitigate his client's exposure to the higher end of the
punishment range when facing punishment under section 12.32. 

 However, when the State presented trial counsel with the enhancement notice on
Friday, appellant faced being punished under Tex. Pen. Code Ann. § 12.42(c)(2)(A)(i)
(Vernon Supp. 2002), which provides that if a defendant is convicted of an offense under
section 22.021 (Aggravated Sexual Assault), as was the charge against appellant in the
instant case, "[a] defendant shall be punished by imprisonment in the institutional division
for life[.]" (emphasis added). With the State's enhancement notice, appellant's original
punishment range, along with any discretion of the punishment factfinder, was virtually
eliminated. Once the punishment factfinder determined the enhancement allegation
evidence to be "true," the usual punishment assessment factors such as range, discretion,
and mitigation vanished. Under section 12.42(c)(2)(A)(i), life is mandatory. 

 I agree with the lead opinion's statement that we are not making a determination that
a minimum number of days is required for all cases involving eleventh-hour enhancement
notice. I would consider future similar issues on a case by case basis. The amount of
"notice time" given one defendant might afford a reasonable opportunity to be heard under
one particular set of facts while the same amount of "notice time" may completely deprive
another defendant of such an opportunity under an entirely different set of facts. Under
the particular facts and circumstances presented in the record appellant was not afforded
a reasonable opportunity to be heard in violation of his right to due process. 

 For these reasons, and for the harm flowing from the due process violation, I
concur in reversing the sentencing portion of the trial court's judgment and remanding the
cause for a new punishment hearing. Naturally, since the lead opinion's reversal of the
punishment error is without instructions to conduct the new punishment hearing in a
particular way or to render a specific sentence, the effect is to restore the parties to the
same situation as that in which they were prior to the appeal. See Musgrove v. State, 82
S.W.3d 34, 37 (Tex. App.--San Antonio 2002, pet. ref'd). See also Tex. Code Crim.
Proc. Ann. art. 44.29(b) (Vernon Supp. 2002) (If "new trial" is awarded based solely on
punishment stage error, "the [trial] court shall allow both the state and the defendant to
introduce evidence to show the circumstances of the offense and other evidence as
permitted by Section 3 of Article 37.07 of this code."). As art. 37.07, sec. 3(a) permits
the State to offer evidence of, among other things, the prior criminal record of the
appellant, the State would not be precluded from offering the August 6, 1982, prior
conviction for sexual assault in an attempt to enhance appellant's punishment. With these
observations, I concur in the result reached by the lead opinion. 



 ________________________________

 RONALD L. WALKER

 Chief Justice

Concurrence Delivered

November 20, 2002

Publish

CONCURRING OPINION



 I respectfully disagree that the error here in denying the motion for continuance was 
constitutional, so I also disagree with the standard for the harm analysis utilized in the lead
opinion. But I agree a new punishment hearing is required under the specific
circumstances in this case. And I agree with Chief Justice Walker that on remand the
punishment remains subject to enhancement. 

 I believe Rule 44.2(b) governs the harm analysis to be conducted if a trial court errs
in denying a continuance to respond to a pleading. See Tex. R. App. P. 44.2(b). The
harm analysis determines whether substantial rights were affected: Was the defendant
prejudicially surprised under the circumstances -- thereby requiring a continuance? 
Because I conclude the error in this case affected substantial rights, I concur with the
remand for a de novo punishment hearing. 


 __________________________________

 DAVID B. GAULTNEY 
 Justice 

 

Concurrence Delivered

November 20, 2002

Publish