COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
DELVIN DEWAYNE BUSBY,                       )                  No. 08-04-00155-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  354th District Court
)
THE STATE OF TEXAS,                                   )                  of Hunt County, Texas
)
                                    Appellee.                          )                  (TC# 21,853)

O P I N I O N

            Delvin Dewayne Busby appeals his conviction for retaliation. A jury found Appellant guilty,
and upon finding that two enhancements provisions were true, the trial court sentenced him to thirty
years in the Texas Department of Criminal Justice. We affirm.
FACTUAL SUMMARY
            On August 6, 2003, Hunt County Sheriff’s Investigator Roger Seals interviewed Alice Marie
James at the sheriff’s office in connection with a criminal investigation of Appellant. James
considered herself to be married to Appellant. She gave Seals information and Seals characterized
her as a prospective witness. After the interview, Seals drove James home. He dropped her off at
the driveway and continued down the road to turn around. When he turned, he saw Appellant
standing at the corner. Nevertheless, he went on his way. 
            Appellant approached James and asked her what she had said to the detective. When James
told him she had answered some questions, Appellant looked nervous. Appellant asked whether she
would say that he was with her. When James replied that she couldn’t tell the officers they were
together twenty-four hours a day every day, Appellant became upset. He approached James and
reached out to hit her. James pushed him, breaking the strength of the blow. When she pulled back,
Appellant tried to strike her again. James remembered yelling for Appellant to calm down and for
someone to call the police. 
            James’s neighbor, Brenda Drinnon, testified that she heard yelling that day between 2 and
6 p.m.. She recognized the voices as those of James and Appellant. Drinnon could not make out
the words, but she could tell they were yelling and angry. When she looked outside, she saw
Appellant and James by James’s trailer. When James yelled for someone to call the police, Drinnon
made the call. 
            Appellant’s sister testified that Appellant and James would argue about petty things. An
acquaintance of the couple explained that their arguments were often heated. James herself admitted
that the couple fought at times. 
SUFFICIENCY OF THE EVIDENCE
            In Points of Error One and Two, Appellant challenges the legal and factual sufficiency of the
evidence to support his conviction. He complains that the State failed to present any evidence that
he actually harmed James since she pushed him away and broke off any blow that might have
occurred. 
Standards of Review
            In reviewing the legal sufficiency of the evidence to support a criminal conviction, we must
review all the evidence, both State and defense, in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2789, 61
L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 159 (Tex.Crim.App. 1991), overruled on
other grounds, Paulson v. State, 28 S.W.3d 570 (Tex.Crim.App. 2000). This familiar standard gives
full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic to ultimate facts. Jackson, 443 U.S. at
319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573. We do not resolve any conflict of fact or assign credibility
to the witnesses, as it was the function of the trier of fact to do so. See Adelman v. State, 828 S.W.2d
418, 421 (Tex.Crim.App. 1992); Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991).
Instead, our duty is only to determine if both the explicit and implicit findings of the trier of fact are
rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict.
Adelman, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor
of the verdict. Matson, 819 S.W.2d at 843. Further, the standard of review is the same for both
direct and circumstantial evidence cases. Geesa, 820 S .W.2d at 158.
            In reviewing the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party. Johnson v. State, 23 S.W.3d 1, 7
(Tex.Crim.App. 2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Evidence is
factually insufficient if it is so weak that it would be clearly wrong and manifestly unjust to allow
the verdict to stand, or the finding of guilt is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore, the question we must consider in
conducting a factual sufficiency review is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone,
is greatly outweighed by contrary proof. See id. In performing this review, we are to give due
deference to the fact finder's determinations. See id. at 8- 9; Clewis, 922 S.W.2d at 136. The fact
finder is the judge of the credibility of the witnesses and may “believe all, some, or none of the
testimony.” Chambers v. State, 805 S.W.2d 459, 461 (Tex.Crim.App. 1991). Consequently, we may
find the evidence factually insufficient only where necessary to prevent a manifest injustice from
occurring. See Johnson, 23 S.W.3d at 9, 12; Cain v. State, 958 S.W.2d 404, 407 (Tex.Crim.App.
1997). 
Retaliation
            A person commits the offense of retaliation if he intentionally or knowingly harms or
threatens to harm another by an unlawful act in retaliation for or on account of the service or status
of another as a public servant, witness, prospective witness, or informant. Tex.Penal Code Ann.
§ 36.06(a)(1)(A)(Vernon Supp. 2004-05). Harm is defined as “anything reasonably regarded as loss,
disadvantage, or injury, including harm to another person in whose welfare the person affected is
interested.” Tex.Penal Code Ann. § 1.07(25)(Vernon Supp. 2004-05). A person commits assault
if the person “intentionally or knowingly causes physical contact with another when the person
knows or should reasonably believe that the other will regard the contact as offensive or
provocative.” Tex.Penal Code Ann. § 22.01(a)(3)(Vernon Supp. 2004-05). Appellant was charged
with knowingly and intentionally harming James by assaulting her in retaliation for and because of
her status as a prospective witness. 
            James testified that when she told Appellant she could not provide him with an alibi, 
Appellant reached out to hit her. She pushed Appellant, which broke the strength of his swing. She
described how Appellant’s fingertips caught her face instead of a direct blow. There were no marks
and she did not seek medical care. Nevertheless, Appellant still made offensive and uninvited
contact with her. James wanted Appellant to calm down since she knew he could become angrier
and hurt her. Indeed, when James pulled back, Appellant attempted to strike her again. 
            Viewing the evidence in a light most favorable to the verdict, there was testimony that
Appellant harmed James by assaulting her. The evidence was sufficient for a rational trier of fact
to find Appellant guilty of retaliation beyond a reasonable doubt. Viewing the evidence in a neutral
light, we do not find the evidence to be so weak that it would be clearly wrong and manifestly unjust
to allow the verdict to stand nor the finding of guilt against the great weight and preponderance of
the evidence. The jury obviously believed that Appellant’s actions toward James were offensive,
constituted assault, and thus harmed James. We overrule Points of Error One and Two. 
MEANS AND MANNER OF COMMISSION OF CRIME
            In Point of Error Three, Appellant contends that the trial court submitted a means and manner
of committing retaliation which was not pled in the indictment. He admits there was no objection
to the charge at trial but claims that the error was fundamental. In Point of Error Four, Appellant
complains that his counsel rendered ineffective assistance by failing to object.
Indictment and Charge
            Appellant was charged by indictment with knowingly and intentionally harming James by
assaulting her in retaliation for and on the account of the service and status of her as a prospective
witness. Retaliation can be committed by either threatening to harm or harming another. See Tex.
Penal Code Ann. § 36.06(a). In the definitions, the jury charge explained that a person commits
retaliation “if he intentionally or knowingly harms or threatens to harm another.” The application
paragraph charged that the jury must find beyond a reasonable doubt that Appellant knowingly and
intentionally harmed James by assaulting her. 
Standard of Review
            When reviewing charge error, we conduct a two-step analysis. We must first determine
whether error actually exists in the charge. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.
1984); Irizarry v. State, 916 S.W.2d 612, 614 (Tex.App.--San Antonio 1996, pet. ref’d). We view
the charge as a whole and our review should not be limited to a series of isolated statements or parts
of the charge standing alone. See Holley v. State, 766 S.W.2d 254, 256 (Tex.Crim.App. 1989);
Inman v. State, 650 S.W.2d 417, 419 (Tex.Crim.App. 1983). Second, we must determine whether
sufficient harm resulted from the error to require reversal. Almanza, 686 S.W.2d at 171; Irizarry,
916 S.W.2d at 614. Which harmless error standard applies depends upon whether the defendant
objected. Abdnor v. State, 871 S.W.2d 726, 731-32 (Tex.Crim.App. 1994); Irizarry, 916 S.W.2d
at 614. Having failed to object, Appellant must show that he suffered actual egregious harm. 
Almanza, 686 S.W.2d at 171; Maldonado v. State, 902 S.W.2d 708, 713 (Tex.App.--El Paso 1995,
no pet.).
            In viewing the charge as a whole, we conclude that the jury was provided with the full
statutory definition of retaliation. The charge defined retaliation as knowingly and intentionally
threatening to harm another. While the application paragraph limited the definition to knowingly
and intentionally harming another, the charge accurately set out the law, was authorized by the
indictment, and adequately described the particular offense for which Appellant was tried. Since we
find no error, we need not address whether trial counsel rendered ineffective assistance. Points of
Error Three and Four are overruled.
LESSER-INCLUDED OFFENSE
            In Point of Error Five, Appellant contends that the trial court erred in denying his request for
a lesser-included charge on assault. He argues that since he was charged with retaliation by assault, 
assault was necessarily a lesser-included offense since the jury had to find that he assaulted James
in order to find that he committed retaliation. 
            In deciding whether a jury should be instructed on a lesser offense, courts apply the
two-prong Aguilar/Rousseau test. Bignall v. State, 887 S.W.2d 21, 23 (Tex.Crim.App. 1994);
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex.Crim.App.), cert. denied, 510 U.S. 919, 114 S.Ct.
313, 126 L.Ed.2d 260 (1993); Royster v. State, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). First,
we must determine whether the lesser offense actually is a lesser-included offense of the offense
charged. Rousseau, 855 S.W.2d at 672; Aguilar v. State, 682 S.W.2d 556, 558 (Tex.Crim.App.
1985). An offense is a lesser-included offense if: (1) it is established by proof of the same or less
than all the facts required to establish the commission of the offense charged; (2) it differs from the
offense charged only in the respect that a less serious injury or risk of injury to the same person,
property, or public interest suffices to establish its commission; (3) it differs from the offense
charged only in the respect that a less culpable mental state suffices to establish its commission; or
(4) it consists of an attempt to commit the offense charged or an otherwise included offense. 
Tex.Code Crim.Proc.Ann. art. 37.09 (Vernon 1981).
            Retaliation requires proof that (1) intentional or knowing harm or threats to harm another
(2) by an unlawful act, (3) in retaliation for or on account of the service or status of another as a
public servant, witness, prospective witness, or informant or person who has reported or who the
actor knows intends to report the occurrence of a crime or to prevent or delay the service of another
as a public servant, witness, prospective witness, or informant or person who has reported or who
the actor knows intends to report the occurrence of a crime. Tex.Penal Code Ann. § 36.06. 
Assault requires proof of (1) intentionally, knowingly, or recklessly causing of bodily injury to
another, (2) intentionally or knowingly threatening another with imminent bodily injury, or (3)
intentionally or knowingly causing physical contact with another when the person knows or should
reasonably believe that the other will regard the contact as offensive or provocative. Tex.Penal
Code Ann. § 22.01. We find that the first prong of the Aguilar/Rousseau test is satisfied. 
            However, simply because a lesser offense is included within the proof of a greater offense
does not necessarily mean that a jury charge on the lesser offense is warranted. Aguilar, 682 S.W.2d
at 558. We must now determine whether the record contained some evidence that would have
permitted a rational jury to find that Appellant was guilty only of the lesser-included offense. 
Schweinle v. State, 915 S.W.2d 17,18 (Tex.Crim.App. 1996); Rousseau, 855 S.W.2d at 672; Royster,
622 S.W.2d at 444.
            Appellant argues that the jury could have found him guilty of only the lesser-included offense
since James was fuzzy on why Appellant assaulted her. He claims James testified she merely
answered questions at the sheriff’s department, she wasn’t sure that Appellant was a suspect in the
crime under investigation, and she wasn’t sure whether Appellant knew he was being investigated. 
But the evidence also revealed that Investigator Seals was conducting a criminal investigation of
Appellant, that James was a prospective witness, that Appellant knew James had spoken with the
detective, that Appellant questioned James about what she told the detective, and that Appellant
appeared nervous. When James said she would not provide an alibi for Appellant, he reached out
to strike her. 
            While there was evidence that the couple quarreled and at times their arguments were heated,
there was no evidence that anything other than her participation as a witness in an ongoing criminal
investigation provoked the assault. We conclude that the second prong of the Aguilar/Rousseau test
was not satisfied, and Appellant was not entitled to a lesser-included offense instruction on assault. 
Point of Error Five is overruled.
ENHANCEMENTS 
            In Points of Error Six and Seven, Appellant argues the trial court erred in finding the
enhancement allegations true since there were variances between the offenses alleged in the
indictment and the offenses proved at trial. The indictment included two enhancement paragraphs. 
Paragraph One alleged that Appellant was convicted of felony credit card abuse on June 1, 1989 in
the District Court of Dallas County. The pen packet admitted by the State showed Appellant was
convicted in the 283rd District Court of Dallas County. Appellant argues that the variance was
material and prejudicial since the State failed to allege a cause number to allow him or his attorney
to locate the case. He also complains that the district court was not properly identified. Paragraph
Two alleged that Appellant was convicted of felony theft of property in an amount over $200 on
November 29, 1979 in the District Court of Dallas County. The pen packet admitted by the State
revealed he was convicted in Criminal District Court No. 2 of Dallas County. Appellant argues that
again no cause number was alleged in the indictment and that the particular district court was not
identified. He further complains that the enhancement paragraph designated the crime as “theft of
property of the value of $200 or more but less than $10,000.”
            It is not necessary to allege prior convictions for the purpose of enhancement with the same
particularity as must be used for charging the original offense. Coleman v. State, 577 S.W.2d 486,
489 (Tex.Crim.App. 1979). In alleging a prior conviction for enhancement of punishment, the
allegations should include the court in which the conviction was obtained, the date of the conviction,
and the nature of the offense. Hollins v. State, 571 S.W.2d 873, 876 (Tex.Crim.App. 1978). The
purpose of the enhancement is to provide the accused with notice of the prior conviction relied upon
by the State. Bevins v. State, 422 S.W.2d 180, 181 (Tex.Crim.App. 1967). If the sufficiency of these
allegations is to be reviewable on appeal, the defendant must have moved to quash the enhancement
in the trial court. Teamer v. State, 557 S.W.2d 110, 113 (Tex.Crim.App. 1977); Prodon v. State, 555
S.W.2d 451, 453 (Tex.Crim.App. 1977); Arce v. State, 552 S.W.2d 163, 164 (Tex.Crim.App. 1977). 
No motion to quash was filed below. 
            Moreover, allegations of a wrong court in a multi-district county are not fatal. Cole v. State,
611 S.W.2d 79, 81 (Tex.Crim.App. 1981), citing Bray v. State, 531 S.W.2d 633, 635
(Tex.Crim.App. 1976); Rooks v. State, 576 S.W.2d 615, 616 (Tex.Crim.App. 1978)(holding that
variance between charging instrument alleging prior conviction in the “Criminal District Court of
Harris County” and proof showing conviction in the “184th District Court of Harris County” was
not material). The failure to allege the specific district court in which the judgments were rendered
is not fatal. Cole, 611 S.W.2d at 81. A variance between the cause number alleged in the
enhancement paragraph and the cause number of the prior conviction proved in court is not fatal as
long as the defendant was not prevented from identifying the conviction and preparing a defense. 
Barrett v. State, 900 S.W.2d 748, 752 (Tex.App.--Tyler 1995, pet. ref’d). And the failure to allege
a cause number at all is not fatal where the State proves up the correct court, county, date, and
offense at sentencing. See Barrett, 900 S.W.2d at 752; Straughter v. State, 801 S.W.2d 607, 611
(Tex.App.--Houston [1st Dist.] 1990, no pet.). The State met all of these requirements here.
            Appellant admitted he had been convicted of credit card abuse. Having admitted the
conviction, he cannot now be heard to complain that he was not put on sufficient notice to know with
what he was being charged. See Bevins, 422 S.W.2d at 182. Point of Error Six is overruled. As to
the purported fatal variance in the second enhancement paragraph, we conclude the discrepancy is
one of semantics. Appellant was sufficiently put on notice of the what crime he committed, even
if the enhancement paragraph did not directly track the language of the judgment. Because we
conclude the variances were not fatal, we overrule Point of Error Seven. The judgment of the trial
court is affirmed.

June 16, 2005                                                              
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)