Sammy DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46810.

Court of Criminal Appeals of Texas.

Nov. 28, 1973.

Malcolm Dade (on appeal only), Dallas, for appellant.

Henry Wade, Dist. Atty., William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for robbery by assault wherein the punishment, enhanced under Article 62, Vernon's Ann. P.C., was assessed at life.

Appellant does not challenge the sufficiency of the evidence. Suffice it to say the State's evidence reflects that appellant assisted Bobby Joe Daniels in the robbery and murder of the deceased, Albert Mott Chattin, on October 21, 1969 in Dallas.

In his first two grounds of error appellant complains of the trial court's refusal to compel co-defendant Daniels to testify after the witness invoked the Fifth Amendment. Appellant further complains that since Daniels had previously testified at his own trial which resulted in his conviction and the assessment of the death penalty, such testimony and conviction constituted a waiver of his privilege against self-incrimination.

The record reflects that after the State rested its case a hearing was held outside the presence and hearing of the jury. Appellant called Daniels as his defense witness, who refused to testify, claiming his privilege against self-incrimination. Appellant then called Assistant District Attorney John Ovard, who testified that he was present when Daniels testified at his own trial and that his conviction was at that time pending appeal.

At the conclusion of the hearing the court allowed the witness to claim his privilege against self-incrimination.

Ordinarily, by testifying at a preliminary hearing, at an inquest, before a grand jury or at a previous trial one does not waive his right to claim the privilege against self-incrimination at a later trial. 8 Wigmore on Evidence, 3d ed. § 2276; see also cases collated, 36 A.L.R.2d 140–143; 38 A.L.R.2d 225, 255; Texas Law of Evidence, McCormick & Ray, § 443, p. 382; State v. Rawls, 252 Or. 556, 451 P.2d 127 (1969); People v. Walker, 28 Ill.2d 585, 192 N.E.2d 819 (1963); United States v. Baker, 262 F.Supp. 657 (D.D.C.1966). Thus, it would appear that a waiver does not extend beyond the particular proceeding and by voluntarily testifying at one's own trial the witness does not lose his privilege at a later proceeding.

Appellant further argues that Daniels waived his privilege against self-incrimination as a result of his conviction for murder with malice arising out of the same facts which discharged any further criminal liability to the State under United States v. Hoffman, 385 F.2d 501 (7th Cir. 1967), cert. den., 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288. See also Franco v. State, 491 S.W.2d 890 (Tex.Cr.App.1973); Cherb v. State, 472 S.W.2d 273 (Tex.Cr. App.1971).

The State contends that since the witness' conviction is pending appeal and therefore not final, he did not waive his right to invoke his Fifth Amendment privilege.

It has been generally held that self-incrimination is not lost until the proceedings against the accused under indictment have been terminated, 58 Am.Jur., Witnesses, § 43, p. 48, and that the privilege ceases only when liability to punish-

ment no longer exists. Texas Law of Evidence, McCormick & Ray, 2d ed. § 444, p. 383; 8 Wigmore on Evidence, 3d ed. § 2279. Cf. Brumfield v. State, 445 S.W.2d 732 (Tex.Cr.App.1969).

In the instant case, the evidence is undisputed that Daniels was assessed the death penalty from which his counsel would be required to appeal.[1] Ex parte Caldwell, 383 S.W.2d 587 (Tex.Cr.App. 1964).

■ Since Daniels' conviction was still pending, the State's case against him had not been prosecuted to a final conclusion. In the event of Daniels being granted a new trial, the testimony which the witness refused to give, had he answered, could be used against him. Therefore, since Daniels' conviction was not final, the trial court properly allowed the witness to claim his privilege against self-incrimination. See and compare Mills v. United States, 281 F.2d 736 (4th Cir. 1960); State v. Tyson, 43 N.J. 411, 204 A.2d 864 (1964); People v. Den Uyl, 318 Mich. 645, 29 N. W.2d 284 (1947).

Appellant's first two grounds of error are overruled.

■ In his third ground of error appellant contends the trial court erred in admitting his confession into evidence. The appellant argues that the State did not show that he voluntarily waived his rights before making the confession as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The record reflects that at 4 p. m. on April 21, 1970, the day following appellant's return to Dallas County jail from the penitentiary pursuant to a bench warrant, the appellant was taken before Tom Naylor, a Justice of the Peace in Dallas County, and warned of his rights as required by Article 15.17, Vernon's Ann.C.C.P. Immediately thereafter, appellant was taken to the Sheriff's office, where he was again warned pursuant to Article 38.22, Vernon's Ann.C.C.P., and gave a confession.

During the Jackson v. Denno [2] or Article 38.22, Vernon's Ann.C.C.P. hearing held in the jury's absence, Detective G. F. Rose of the Dallas Police Department testified that he was the person who read to the appellant the Miranda and Article 38.22, Vernon's Ann.C.C.P. warnings, and that the appellant said he understood his rights, that he did not want a lawyer, and that he wanted to discuss the case. Detective Rose then took appellant's statement and reduced it to writing. Later, he summoned Lowell Duncan, a newsman from a television station, who was present when the appellant signed the confession.

The appellant did not testify nor make any assertion he was coerced or enticed into giving the confession or that he did not affirmatively waive his rights.

At the conclusion of the hearing the careful trial judge filed his findings of fact and conclusions of law in some detail and decided "beyond a reasonable doubt" that the confession had been made after proper warnings, etc., and "was freely and voluntarily made and was admissible."

In the presence of the jury Rose repeated his testimony. Lowell Duncan, the newsman, testified that he, along with the appellant and Detective Rose, read the confession and that he witnessed the appellant sign the statement (which contained the Miranda warnings on its face). Duncan further related that he first personally inquired of the appellant if he understood what he signed and received an affirmative answer, and that the appellant also told him he had not been forced or coerced in signing the statement.

---

1. It should be noted that the instant trial was held one year prior to the U. S. Supreme Court decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

2. Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

No issue of voluntariness was raised by the testimony before the jury, and the same was not submitted in the court's charge.

In determining whether the appellant waived his rights under Miranda, supra, we must look to all of the facts and circumstances surrounding the taking of the confession. Similarly, in a post-Miranda decision the Fifth Circuit observed:

". . . the cases in which it is clear that the warnings have been given must be considered on their own facts in order to determine the question of waiver. The courts must do this on a ad hoc basis, since no per se rule has thus far been adopted dealing with this problem."

Narro v. United States, 370 F.2d 329 (5th Cir. 1966). See also Encina v. State, 471 S.W.2d 384 (Tex.Cr.App.1971); McCandless v. State, 425 S.W.2d 636 (Tex. Cr.App.1968).

While the exact length of the interrogation is not shown, the record supports the finding that it was concluded very shortly after the double set of warnings was given. Further, there is no showing of incommunicado incarceration which would mitigate against the finding of a valid waiver.

In Miranda v. Arizona, supra, the majority opinion said:

"An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained."

In the instant case the undisputed testimony shows that after the appellant was warned by both a magistrate and a peace officer he expressly stated that he understood his rights, that he did not want a lawyer and that he did want to discuss the case with the officer.

Considering the above, we conclude from the "totality of the circumstances" that the evidence is sufficient to show that the State discharged its burden and the appellant made a constitutionally permissible waiver as required by Miranda. See McCandless v. State, supra.

Appellant's third ground of error is overruled.

Appellant in his last ground of error claims that the trial court "improperly charged the jury as to enhancement in that 'burglary, as charged in the indictment' is not an offense of the same nature as the present offense."

The second paragraph of the indictment alleged the appellant had previously been convicted ". . . of a felony less than capital and one of like character as alleged against him in the first paragraph hereof, to wit, burglary as alleged in the indictment . . ." in the Criminal District Court No. 4 of Dallas County, Texas in Cause No. C-67-5175-K on February 2, 1968.

At the hearing on punishment, the State offered as a part of a prison packet certified copies of the judgment and sentence in the alleged prior conviction, which instruments recited "burglary as charged in the indictment." The record further reflects that the State offered a certified copy of the indictment in the burglary conviction alleged for enhancement which charged the appellant with burglary with the intent to commit theft.

It is well established that the only form of burglary which is an offense of the same nature as robbery is burglary with intent to commit theft. Culver v. State, 487 S.W.2d 66 (Tex.Cr.App.1972); Stewart v. State, 476 S.W.2d 677 (Tex.Cr. App.1972); Schmeideberg v. State, 415 S. W.2d 425 (Tex.Cr.App.1967); Farris v. State, 155 Tex.Cr.R. 261, 233 S.W.2d 856 (1950).

The introduction of the certified "copy of the indictment in the burglary conviction alleged for enhancement furnished the necessary proof that the prior conviction was for an offense of like character as robbery; namely, burglary with intent to commit theft." Robertson v. State, 418 S. W.2d 678 (Tex.Cr.App.1967).

In the instant case the court's charge submitted to the jury at the penalty stage of the trial the issue of whether the appellant was the same person so previously convicted of "burglary, as charged in the indictment" as the same was alleged in the second paragraph of the instant indictment. The charge also instructed the jury that the "offense of burglary with intent to commit theft, as charged in the second paragraph of the indictment herein is of like character and of the same nature as the offense of robbery by assault."

Since the evidence was undisputed that the prior conviction was for burglary with intent to commit theft, the court's charge did not improperly refer to the conviction as such. The jury's verdict that "each and all of the allegations set out in the second paragraph of the indictment herein charging a final conviction for the offense of burglary, an offense of like character, are true" is supported by the evidence, and the court did not err in enhancing punishment under Article 62, Vernon's Ann.P.C.

Appellant's contention is without merit.

*This ground of error, however, points up the problems that can be created by the use of the term "burglary, as charged in the indictment" in the preparation of judgments and sentences. It is far the better practice and equally as simple to use the term "burglary with intent to commit theft" or "burglary with intent to commit rape" or an accurate description of the offense.*

Finding no reversible error, the judgment is affirmed.