Opinion issued
January 13, 2011

 



In
The

Court of
Appeals

For
The

First District
of Texas

—————————

NO. 01-09-00936-CR

—————————

Daniel Torres, Appellant

V.

The State of Texas, Appellee



 



 

On Appeal from the 232nd
District Court

Harris County, Texas



Trial Court Case No. 1140167

 



 

 

MEMORANDUM
OPINION

 

          Daniel Torres appeals the trial court’s
adjudication of his guilt for burglary of a habitation.  See Tex. Penal Code Ann. § 20.02(c)(2)
(Vernon 2003).  After the trial court deferred
adjudication of Torres’s guilt, the State filed a motion to adjudicate, which
the trial court granted, assessing his punishment at five years’
confinement.  On appeal, Torres contends
this Court should reform the judgment in this case to reflect his plea of not
true to the allegations in the State’s motion to adjudicate his guilt and to
reflect the correct offense for which he was convicted.  We agree the judgment should be reformed to accurately
show Torres’s plea, but affirm the portion of the judgment that reflects the offense
for which he was convicted.  We modify
the trial court’s judgment and affirm as modified.

Background

          Torres
pleaded guilty to committing the offense of burglary of a habitation, and the
trial court deferred adjudication of his guilt and placed him on community
supervision for three years.  During his
community supervision, Torres walked into a clothing store in the Greenspoint
Mall while carrying a bag from Foot Action, a nearby store.  A few minutes later, two managers from Foot
Action came into the store and accused Torres of stealing a shirt.  The clothing store manager approached Torres
and found within the Foot Action bag a pair of jeans from the clothing store
that still had price tags and theft detection sensors attached.  

          The
State moved to adjudicate Torres’s guilt based on the theft of the jeans and the
failure to meet other conditions of his community supervision.  Torres pleaded “not true” to the allegations
in the motion to adjudicate guilt.  At
the hearing, he testified that an employee of the clothing store had given him
the jeans and he did not know they were stolen. 


          The trial court granted the State’s
motion, found Torres guilty of “burglary of a habitation with the intent to
commit theft,” and sentenced Torres to five years’ confinement.  In its judgment, the trial court stated that
it had found Torres guilty of burglary of a habitation, but erroneously stated
that he had pleaded “true” to the allegations in the State’s motion to
adjudicate.

Reformation of Judgment

          Torres
contends that the judgment should be reformed because it inaccurately states
that he pleaded true to the allegations in the State’s motion to adjudicate.
And he was convicted of “burglary of a habitation with intent to commit theft” when
the Texas Penal Code contains no section entitled “Burglary of a Habitation.”

          “[A]n appellate court has authority to
reform a judgment to include an affirmative finding to make the record speak
the truth when the matter has been called to its attention by any source.”  French
v. State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); accord Nolan v. State, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st
Dist.] 2001, no pet.); see also Tex. R. App. P. 43.2(b) (appellate
court may modify trial court’s judgment and affirm as modified).  The State concedes that Torres pleaded not
true to the motion to adjudicate and the judgment should be so reformed.  We, therefore, sustain this portion of Torres’s
issue and reform the judgment to reflect Torres’s plea of not true to the
allegations in the State’s motion.  

          However, the judgment does not incorrectly
reflect the crime for which Torres was convicted.  Torres contends that the judgment in a
criminal case “shall reflect . . . [t]he offense or offenses for which the defendant
was convicted.”  Tex. Code Crim. Proc. Ann.
art.  42.01, § 1(13) (Vernon Supp. 2010).  Specifically, Torres asserts that the
judgment should reflect the offense identified in the title of the relevant
section of the Penal Code.  Torres observes
that section 30.02 of the Texas Penal Code is entitled “Burglary,” not
“Burglary of a Habitation,” and that the Penal Code does not contain a separate
section entitled “Burglary of a Habitation.” 
Torres concludes that the titles in the Penal Code require that his judgment
of conviction must be reformed to state “Burglary” rather than “Burglary of a
Habitation with Intent to Commit Theft.” 

          The Texas Penal Code defines the
following three ways in which the offense of burglary may be committed:

(a)     A person commits an offense if, without the
effective consent of the owner, the person:

 

(1)     enters
a habitation, or a building (or any portion of a building) not then open to the
public, with intent to commit a felony, theft, or an assault; or 

 

(2)     remains
concealed, with intent to commit a felony, theft, or an assault, in a building
or habitation; or 

 

(3)     enters
a building or habitation and commits or attempts to commit a felony, theft, or
an assault. 

 

 Tex.
Penal Code Ann. § 30.02(a) (Vernon 2003).  The Penal Code further provides the
classification of the different types of burglary, stating,

(c)      Except as provided in Subsection (d), an
offense under this section is a:

 

(1)     state
jail felony if committed in a building other than a habitation; or 

 

(2)     felony
of the second degree if committed in a habitation.

 

(d)     An offense
under this section is a felony of the first degree if:

 

(1)     the
premises are a habitation; and 

 

(2)     any
party to the offense entered the habitation with intent to commit a felony
other than felony theft or committed or attempted to commit a felony other than
felony theft. 

 

Id. § 30.02(c),
(d).  Torres was charged with a second
degree felony.  Under sub-sections (c)
and (d), the only second degree felony offense of burglary is burglary of a
habitation with an intent to commit theft. 
Thus, the judgment accurately reflects the offense charged.  

          Torres does
not cite any case interpreting the Penal Code or the Code of Criminal Procedure
to require the judgment to use the titles used in the Penal Code.  Trial courts are to ensure that judgments and
sentences include “an accurate description of the offense.”  Davis
v. State, 501 S.W.2d 629, 633 (Tex. Crim. App. 1973).  The example given by the Court of Criminal Appeals
was “burglary with intent to commit theft” or “burglary with intent to commit
rape” instead of the more general phrase “burglary.”  Id.  The Court of Criminal Appeals has reformed
judgments to reflect the precise type of burglary at issue in a case.  See
Harris v. State, 630 S.W.2d 774, 776 (Tex. Crim. App. 1982) (“burglary of a
habitation” instead of “burglary of a building”); Jones v. State, 532 S.W.2d 596, 601 (Tex. Crim. App. 1976) (“burglary
of a building” instead of “burglary of a habitation”), overruled on other grounds by Moss v. State, 574 S.W.2d 542 (Tex.
Crim. App. 1978); Castaneda v. State,
491 S.W.2d 885, 887 (Tex. Crim. App. 1973) (“burglary of a private residence at
nighttime with intent to commit theft” instead of “burglary with intent to
commit theft”).  

          We overrule
this portion of Torres’s sole issue.

Conclusion

          We
modify the trial court’s judgment to reform the judgment to reflect Torres’s plea of not
true. 
As modified, we affirm. 

 

 

                                                                   Harvey
Brown

                                                                   Justice


 

Panel consists of
Justices Jennings, Higley, and Brown.

 

Do not
publish.   Tex. R. App. P. 47.2(b).