Opinion issued March 17, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00049-CR

———————————

Jason Graham Ayles, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 232nd District Court

Harris County, Texas



Trial Court Case No. 1216920

 



 

MEMORANDUM OPINION

Appellant Jason
Graham Ayles was charged by indictment with “Aggregated Sexual Assault - Child.”  He pleaded guilty and was sentenced to twelve
years’ imprisonment.  In his sole point, appellant
requests that the judgment be reformed to reflect a conviction for “Aggravated
Sexual Assault” rather than “Aggravated Sexual Assault of a Child Under
14.”  We overrule appellant’s point of
error and affirm the judgment.  

Reformation of Judgment

The judgment in a criminal case
“shall reflect . . . [t]he offense or offenses for which the defendant was
convicted.”  Tex. Code Crim. Proc. Ann. art. 42.01 §1(13) (Vernon Supp. 2010).  Section 22.021 of the Texas Penal Code, under
which appellant was convicted, provides in relevant part that a party commits
the offense of aggravated sexual assault if he “causes the penetration of the
anus or sexual organ of a child by any means” and “the victim is younger than
14 years of age.”  Tex. Penal Code Ann. § 22.021(a)(1)(B)(i) & (2)(B) (Vernon Supp.
2010).  

The indictment to which appellate
pleaded guilty alleges that appellant did “unlawfully, intentionally, and
knowingly cause the penetration of the FEMALE SEXUAL ORGAN of . . . the
Complainant, a person younger than fourteen years of age and not the spouse of
the Defendant, by placing HIS SEXUAL ORGAN in the FEMALE SEXUAL ORGAN of the
Complainant.”  Appellant does not argue
that the allegations are incorrect.  He
does not dispute that the complainant was under the age of fourteen, nor does
he contend that a victim under the age of fourteen is not an element of the
offense to which he was charged and pleaded guilty.  Rather, appellant asserts that the judgment
should be “modified to reflect that [a]ppellant was convicted of ‘Aggravated
Sexual Assault,” rather than “Aggravated Sexual Assault of a Child Under 14”
because the “remaining descriptive language, ‘of a child-under 14’ is not part
of the name of the Penal Code section in question, and should be deleted from
the judgment.”     

The Court of Criminal Appeals has
addressed this issue in the burglary context and admonished that judgments
should be descriptive enough to describe the actual offense.  Davis
v. State, 501 S.W.2d 629, 633 (Tex. Crim. App. 1973).    For example, rather than use the term
“burglary, as charged in the indictment,” judgments should state “‘burglary
with intent to commit theft’ or ‘burglary with intent to commit rape.’” Id.; see
also Garcia v. State, 453 S.W.2d 822, 824 (Tex. Crim. App. 1970) (not error
to enter “judgment reciting that the conviction was for ‘Burglary PRNT’”
because “indictment alleged and the jury found that appellant committed the
offense of burglary of a private residence at night.”). 

Appellant cites no authority for
requiring judgments to characterize offenses by reference to only the title,
rather than the text, of the relevant Penal Code section.  This Court has previously rejected the
argument that the judgment must “reflect the offense identified in the title of
the relevant section of the Penal Code.” 
Torres v. State, No.
01-09-00936-CR, 2011 WL 148055, at *2 (Tex. App.—Houston [1st Dist.] Jan. 13,
2011, no pet.) (mem. op., not designated for publication) (holding that trial
court did not err by entering judgment for “Burglary of a Habitation with
Intent to Commit Theft” rather than “Burglary”).   As required by the Texas Code of Criminal
Procedure, the trial court’s judgment here accurately reflects the “offense or
offenses for which the defendant was convicted.”  Tex.
Code Crim. Proc. Ann. art. 42.01 §1(13).  Finding no error, we overrule
appellant’s sole point of error.

CONCLUSION

We affirm the trial court’s
judgment.

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

Do
not publish.   Tex. R. App. P. 47.2(b).