Justice Keyes, concurring.
CONCURRING OPINION
Evelyn V. Keyes, Justice
In his second issue, appellant, Nelson Alberto Hernandez, requests that this Court reform the trial court's judgment to reflect that he was convicted of assault, not of assault on a family member, as the information charged, the jury found, and the trial court held. I agree with the panel's denial of appellant's request. I write separately to emphasize the reasons for rejecting that request.
Contrary to appellant's claim, the designation of "assault-family member" in the information, jury charge, and judgment of this case conveys information important to the identification, notice, and handing of this family-violence case. As the majority states, there is an entire body of family violence crimes, each specifically designated as such, in various statutes and articles, and in definitions and cross-references, scattered throughout the Penal Code, Code of Criminal Procedure, and Family Code. And convictions for family violence act as predicates of specified statutory consequences, such as enhancement of a defendant's punishment upon a second violation. These serve a serious function in the law.
The purpose of the designation of a crime as a specified crime of family violence (here, "assault-family member"), as the case law cited below specifically says, is two-fold. One purpose is to give notice to the defendant of the full nature of the crime with which he is charged and therefore of its potential consequences. A second purpose is to relieve the State of the burden of proving by extrinsic evidence that a defendant has previously been convicted of a crime involving family violence when family violence is a predicate for enhancing an offense or when a conviction for family violence has other effects, such as affecting custody of a child (a matter that does not require a second conviction).
Code of Criminal Procedure article 42.01, section 1(13) requires that the trial court's judgment reflect "the offense or offenses for which the defendant was convicted," see TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13) (West Supp. 2016), and the Court of Criminal Appeals has held that the better practice is to give "an accurate *512 description of the offense." Davis v. State , 501 S.W.2d 629, 633 (Tex. Crim. App. 1973). Here, appellant was convicted of assault of a family member, as the trial court's judgment states. Therefore, the judgment fully complies with the requirements of Texas law and is proper.
Background
Appellant slapped his wife, Ebony Jones, in the face during an argument in which appellant stated that he wished to take their young daughter back to Honduras when Jones tried to take from him their marriage license and their daughter's birth certificate. Appellant then left their apartment with the marriage license and birth certificate, and Jones called 9-1-1. A recording of the call was played for the jury. In the call, Jones requested police assistance and stated that appellant, her husband, had attacked her and then left the scene to go to a friend's apartment in the same complex. Shortly after he was notified of the call, Deputy B. Maly arrived on the scene. Deputy Maly observed that Jones had "rather pronounced swelling on the side of her face, just near the eye." He described her as "very shaken, unsteady" and "traumatized," and he stated that she was out of breath, her voice was quivering, and she appeared to have been crying. When Deputy Maly asked Jones if she needed medical assistance, Jones responded "no."
After meeting with Jones, Deputy Maly and two other deputies went to another apartment in the complex where appellant was staying with a friend. Appellant told Deputy Maly that he and Jones had gotten into an argument because he wanted to take his daughter back to Honduras and that he had gone to his friend's apartment to get away from the argument. Appellant had his marriage license and daughter's birth certificate with him. When Deputy Maly asked appellant if he had hit Jones, he replied that he had hit her in the past but had not hit her "this time." Deputy Maly subsequently detained appellant.
Appellant was charged by information with "assault-family member," an act of family violence. Specifically, the information charged him with "intentionally and knowingly caus[ing] bodily injury to EBONY JONES, a MEMBER OF THE DEFENDANT'S FAMILY, A MEMBER OF THE DEFENDANT'S HOUSEHOLD, AND A PERSON WITH WHOM THE DEFENDANT HAD A DATING RELATIONSHIP, hereafter styled the Complainant, by STRIKING THE COMPLAINANT WITH HIS HAND." The jury charge stated that appellant was charged by information with the offense of "assault-family member." After the jury found appellant guilty of the charged offense, the trial court assessed his punishment at 180 days in the Harris County Jail. The trial court's judgment stated that appellant was convicted of "assault-family member," and the judgment also included an affirmative finding that the offense involved family violence.
Reformation of the Judgment
In his second issue, appellant argues that the trial court's judgment should be reformed to reflect that he was convicted of "assault," as opposed to "assault-family member," because the offense of "assault-family member" does not exist. It is true, as the majority states, that there is no offense in the Penal Code entitled "assault-family member" or "assault-family violence." Op. at 514. But it is not true that Penal Code section 22.01 is, as appellant alleges, merely a general assault statute.
Penal Code section 22.01, entitled "Assault," establishes the crime of assault, which is generally a Class A misdemeanor. See TEX. PENAL CODE ANN. § 22.01(b) (West *513 Supp. 2016). Under section 22.01(a), a person commits the offense of assault if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. " Id. § 22.01(a)(1) (emphasis added). If the defendant has been previously convicted of an offense under Penal Code section 22.01(a) against a person whose relationship to or association with the defendant is described by Family Code sections 71.0021(b), 71.003, or 71.005 -i.e., if the offense for which the defendant was previously convicted was an act of family violence against (1) a person with whom the defendant has a dating relationship ( section 71.0021(b) ), (2) a family member, including a spouse or parent of the same child ( section 71.003 ), or (3) a member of the defendant's household ( section 71.005 )-the level of the offense is enhanced by section 22.01(b)(2)(A) from a Class A misdemeanor to a third-degree felony. See id. 22.01(b)(2)(A) ; TEX. FAM. CODE ANN. § 71.0021(b) (West Supp. 2016) (defining "dating violence" to include act intended to result in physical harm, bodily injury, or assault against person with whom defendant has "dating relationship," i.e., "a relationship between individuals who have or have had a continuing relationship of a romantic or intimate nature"); id. § 71.003 (West 2014) (defining "family" to include persons who are married or are parents of same child); id. 71.005 (West 2014) (defining "household" as "a unit composed of persons living together in the same dwelling").
And there is an additional consequence of a defendant's commission of the offense of assault against a spouse. Code of Criminal Procedure article 42.013 provides that if the trial court determines that a criminal offense involved family violence, "the court shall make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case." TEX. CODE CRIM. PROC. ANN. art. 42.013 (West 2006). "Family violence" is defined by the Texas Family Code to include "an act by a member of a family ... against another member of the family ... that is intended to result in physical harm, bodily injury, [or] assault." TEX. FAM. CODE ANN. § 71.004 (West Supp. 2016). Thus, assault committed against a family member, including a spouse of the defendant, in violation of Penal Code section 22.001(a), as here, is both an act of family violence and a predicate act for enhancement of any future offense of family violence from a misdemeanor to a third-degree felony. And conviction of the offense requires that the trial court enter in the judgment an affirmative finding that the offense involved family violence.
Moreover, a conviction for family-violence assault has additional consequences beyond enhancing a second family-violence assault offense to a felony. In child custody proceedings, there is a rebuttable presumption that the appointment of a parent as the sole managing conservator of a child, or as the conservator with the exclusive right to determine the child's primary residence, is not in the child's best interest if credible evidence is presented of a history of physical abuse by the parent directed against the other parent or spouse. See TEX. FAM. CODE ANN. § 153.004(b) (West 2014). And the Family Code expressly provides that a court deciding child custody issues "shall consider the commission of family violence ... in determining whether to deny, restrict, or limit the possession of a child by a parent who is appointed as a possessory conservator." Id. § 153.004(c).
Additionally, a person who has been convicted of family-violence assault may not possess a firearm before the fifth anniversary of the later of the date of the person's release from confinement following conviction of the misdemeanor family-violence assault offense or the date of the person's release from community supervision following *514 conviction of the misdemeanor. See TEX. PENAL CODE ANN. § 46.04(b) (West 2011); see also 18 U.S.C. § 922(g)(9) (providing that it is unlawful for any person who has been convicted in any court of misdemeanor domestic violence "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce").
Thus, a conviction for an act of family violence has many consequences that a mere act of criminal assault under section 22.001(a) that is not assault of a spouse and not an act of family violence does not have, as intended by the Texas Legislature. See Agbogwe v. State , 414 S.W.3d 820, 840 (Tex. App.-Houston [1st Dist.] 2013, no pet.) (by enacting article 42.013 and amending section 22.01 to allow for repeat family-violence assault offenses to be enhanced from misdemeanor to felony, Texas Legislature intended to impose harsher penalties for defendants convicted of multiple assaults involving family violence).
Butler v. State , cited by the majority, shows, in both the intermediate appellate court's opinion and the Court of Criminal Appeals' opinion, why the designation of misdemeanor assault against a family member as "assault-family member," and not simply as "assault," matters to both notice of the offense charged and proof of the offense as an incident of family violence in any subsequent proceeding. See Butler v. State , 162 S.W.3d 727, 730 (Tex. App.-Fort Worth 2005) (" Butler I "), aff'd , 189 S.W.3d 299, 302, 303 (Tex. Crim. App. 2006) (" Butler II ").
The defendant in Butler , as here, was charged by information with misdemeanor "assault-family violence" under Penal Code section 22.01(a)(1) for an assault against his fiancée. Butler I , 162 S.W.3d at 729. He was found guilty by a jury, and the trial court entered an affirmative finding of family violence in the judgment. Id. The defendant complained that he did not have prior notice that his assault on his fiancée was an act of family violence. Id. at 730. Butler also contended that because a finding of family violence enhanced his misdemeanor conviction under section 22.001(a)(1) to a third degree felony conviction, the trial court erred by making a factual finding of family violence rather than submitting the family violence issue to the jury. Id. He asserted that, under Apprendi v. New Jersey , 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the issue of whether he had committed family violence could only be decided by a jury, not by the court. See id.
The Fort Worth Court of Appeals rejected Butler's arguments and affirmed his conviction. The court noted that "[a] finding of family violence 'impacts a defendant's sentence only if the defendant has previously committed a family-violence assault.' " Id. (quoting Thomas v. State , 150 S.W.3d 887, 888 (Tex. App.-Dallas 2004, pet. ref'd) ). But, because the case at issue was Butler's first conviction involving family violence, the trial court's affirmative family-violence finding could not increase his sentence in that case. Id. And, because the family-violence finding had no effect on Butler's punishment in the case at issue, Apprendi was not implicated, and the trial court's family-violence finding was valid. Id. at 732. The court then went on to hold, in a ruling particularly important for future family-violence cases, that Butler had notice of the family-violence allegation-despite his contention that he did not-because the information indicated that the charge against him was "assault family violence," and Butler knew that the complainant *515 was his fiancée and that they had a child together. Id. at 730-31.
The Court of Criminal Appeals, like the court of appeals, rejected Butler's contentions. It likewise held that the trial court had the authority to sentence Butler without leaving the family violence finding to be made by a jury, and affirmed his conviction for misdemeanor family-violence assault. Butler II , 189 S.W.3d at 302 ; see also Hernandez v. State , 280 S.W.3d 384, 388 (Tex. App.-Amarillo 2008, no pet.) (holding that article 42.013 places duty of making affirmative family-violence finding upon trial court if court determines that offense involved family violence, and trial court has no discretion regarding entering family-violence finding once it makes this determination).
In State v. Eakins , the Austin Court of Appeals explained that the requirement of an affirmative family-violence finding in the trial court's judgment "was obviously intended to simplify the prosecution of subsequent family assault cases by making it unnecessary to relitigate the details of the previous assault." 71 S.W.3d 443, 444 (Tex. App.-Austin 2002, no pet.). Instead, the court held, "the State may rely on the affirmative finding in the prior judgment to prove that the victim of the defendant's previous assault was a family member." Id. ; see also Mitchell v. State , 102 S.W.3d 772, 775 (Tex. App.-Austin 2003, pet. ref'd) (rejecting defendant's argument that because judgment of previous conviction did not contain article 42.013 affirmative finding there was no evidence that he had prior family-violence conviction and holding that State may meet its burden under Penal Code section 22.01(b)(2) by introducing previous judgment that contains affirmative family-violence finding or by introducing previous judgment of assault conviction plus extrinsic evidence that complainant in previous case was member of defendant's family or household).
Butler , Eakins , and Mitchell all illustrate the propriety and importance of including the designation of a case as a family-violence case in the information, charge, and judgment, as well as including the affirmative finding of family violence in the judgment. All of these cases stand either for the proposition that such a designation gives the defendant notice that conviction of the offense with which he is charged has consequences beyond the immediate case or for the proposition that such a designation is evidence in a subsequent proceeding that the defendant did in fact commit a crime of family violence and that he knew it was a crime of family violence, obviating the need for extrinsic proof in the subsequent proceeding.
The situation in these family violence cases is similar to that in Miles v. State , cited by the majority. Op. at 508-09. In that case, a jury convicted the defendant of compelling prostitution and sexual assault of a child, and the trial court's judgments stated that the defendant had been convicted of "compelling prostitution less than 18 years of age" and "sexual assault of a child 14-17 years of age." See Miles , 468 S.W.3d 719, 736 (Tex. App.-Houston [14th Dist.] 2015), aff'd on other grounds , 506 S.W.3d 485 (Tex. Crim. App. 2016). The defendant requested that the Fourteenth Court of Appeals reform the judgments to state that he was convicted of "compelling prostitution" and "sexual assault," respectively, thus not stating that the convictions were more specifically convictions for sexual assault and compelling prostitution of a child. Id. at 737.
Our sister court refused to reform the judgments, stating that "the phrases 'of a child 14-17 years of age' and 'less than 18 years of age' accurately describe the offenses-sexual assault and compelling *516 prostitution, respectively-for which [Miles] was convicted." Id. The court then noted that both the sexual assault and the compelling prostitution statutes "criminalize different types of conduct for which there can be varying defenses and punishments." Id. at 737-38. It pointed out that compelling prostitution is generally a second-degree felony, but it is a first-degree felony when the complainant is a child younger than eighteen, and that certain defenses apply to sexual assault if the complainant is fourteen or older. Id. The court also noted that Miles had "cited to no authority that would require a judgment to include only the title of the offense identified in the Penal Code" and that the Code of Criminal Procedure does not require the judgment to state the precise title of the offense used in the Penal Code. Id. at 738. Rather, the Code of Criminal Procedure provides that the trial court's judgment shall reflect "[t]he offense or offenses for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13). The Fourteenth Court refused to hold that "the trial court erred by including phrases that accurately describe the offenses for which [Miles] was convicted." Miles , 468 S.W.3d at 738.
The Court of Criminal Appeals reached similar decisions in Garcia v. State , 453 S.W.2d 822, 824 (Tex. Crim. App. 1970) (holding that trial court did not err when judgment read "Burglary PRNT" because indictment alleged and jury found that defendant committed offense of burglary of private residence at night), and in Davis , 501 S.W.2d at 633 (holding that, as opposed to stating in judgment that defendant was convicted of "burglary as charged in the indictment," "better practice" was to use term such as "burglary with intent to commit theft" or "burglary with intent to commit rape" or to otherwise give "an accurate description of the offense " in judgment) (emphasis added).
Here, as in Miles , Garcia , and Davis , the inclusion of the description of appellant's offense as "assault-family member" in the information, jury charge, and judgment were all proper to give "an accurate description of the offense." At trial, the State presented evidence that appellant assaulted Jones, his wife and the mother of his child, who was undisputedly a member of appellant's family. See TEX. FAM. CODE ANN. § 71.003 (defining "family" to include spouses as well as parents of same child). Thus, the phrase "family member" in the judgment accurately describes the offense for which appellant was convicted, as required by Texas Code of Criminal Procedure article 42.01. See Miles , 468 S.W.3d at 737 ; see also TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(13) (requiring that trial court's judgment reflect "[t]he offense or offenses for which the defendant was convicted"); Davis , 501 S.W.2d at 633 (stating that "better practice" in naming offense in judgment included giving "an accurate description of the offense"). Moreover, as with the sexual assault and compelling prostitution statutes at issue in Miles , the assault statute at issue in this case "criminalize[s] different types of conduct for which there can be varying defenses and punishments" by providing that a second offense for assault on a family member is a third-degree felony as opposed to a Class A misdemeanor. See 468 S.W.3d at 737-38 ; see also TEX. PENAL CODE § 22.01(b)(2)(A). Thus, the information, jury charge, and judgment in this case were more accurate as to the offense charged because they included the designation "assault-family member" than if they had not. The trial court did not err by naming the offense for which appellant was convicted as "assault-family member." See Miles , 468 S.W.3d at 737-38.
For all the foregoing reasons, I agree with the judgment of the panel denying *517 appellant's request to reform the judgment to reflect that he was convicted of "assault" rather than "assault-family member."
Conclusion
I respectfully concur in the judgment.