**AFFIRM as MODIFIED; and Opinion Filed October 4, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-17-01108-CR
No. 05-17-01109-CR

**TERRENCE MIMS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1558852-T & F-1660694-T**

# MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

In five issues, appellant Terence Mims requests modification of the trial court's judgments

to correct clerical errors, and, in a single cross-issue, the State requests correction of an additional

clerical error. For the following reasons, we sustain each issue raised, modify the judgments to

correct the clerical errors, and affirm the judgments as modified.

BACKGROUND

Appellant was indicted for assault bodily injury/family violence with a previous conviction

in trial court cause F-1558852-T (the assault case).[1] An enhancement paragraph in the indictment

alleged an additional prior conviction of assault bodily injury/family violence. Pursuant to a

---

[1] Appellate cause number 05-17-01108-CR.

negotiated plea bargain agreement to five years' deferred probation and a $2000 fine, appellant entered a plea of guilty and the trial court entered an order of deferred adjudication in February 2016.

In March 2016, the State filed a motion to revoke probation or proceed with an adjudication of guilt (motion to revoke) alleging appellant had violated fourteen conditions of his probation. Thereafter, appellant was arrested, and the State amended the motion to revoke to allege an aggravated robbery offense and an evading arrest offense as additional violations of appellant's probation conditions. And, in January 2017, the grand jury indicted appellant for the offense of evading arrest or detention having been previously convicted for evading arrest or detention in cause F-1660694-T (evading arrest case).[2] In an enhancement paragraph, the indictment also alleged a prior conviction of aggravated assault with a deadly weapon.

The trial court held a combined hearing on the State's motion to revoke in the assault case and appellant's plea in the evading arrest case. Appellant entered an open plea of true to the violations alleged in the State's amended motion to revoke with the exception of the aggravated robbery offense, which the State abandoned during the hearing. Appellant entered an open plea of guilty to the evading arrest or detention offense and a plea of true to the enhancement paragraph. After hearing evidence, the trial court granted the State's motion, revoked appellant's probation, adjudicated appellant guilty, and assessed punishment at ten years' confinement in the assault case. The trial court found appellant guilty and the enhancement paragraph true in the evading arrest case and also assessed punishment at ten years' confinement.

MODIFICATION OF TRIAL COURT'S JUDGMENTS

In his first two issues, appellant contends the trial court's judgments reflect the incorrect offense statutes. The assault case judgment lists section 22.01(b)(2)(A) of the penal code as the

---

[2] Appellate cause number 05-17-01109-CR.

"statute for offense." Because section 22.01(b)(2)(A) only provides for an assault offense to be raised to a third degree felony in certain situations, appellant asserts the judgment also should list subsection (a)(1), which sets out the actual elements of the offense. *See* TEX. PEN. CODE ANN. § 22.01(a)(1), (b)(2)(A) (West Supp. 2017). Similarly, the evading arrest case judgment lists the "statute for offense" as penal code section 38.04(b)(1), which provides the offense is a state jail felony in certain circumstances, but subsection (a) sets out the elements of the evading arrest or detention offense. *See* PEN. § 38.04(a), (b)(1) (West 2016). The State agrees that the judgments should be modified as appellant requests.

The judgment in a criminal case "shall reflect ... [t]he offense or offenses for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(13) (West Supp. 2017). Section 22.01(a)(1) of the penal code provides that a person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. *See* PEN. § 22.01(a)(1). Section 22.01(B)(2)(A) raises the offense from a Class A misdemeanor to a third-degree felony if (1) it was committed against a member of the defendant's household or family or one with whom the defendant had a dating relationship and (2) the defendant has previously been convicted of an offense against a member of his household or family or one with whom he had a dating relationship. *See id*. § 22.01(b)(2)(A). The indictment in the assault case alleged the elements of assault as set out in section 22.01(a)(1) and a prior family-violence conviction that raised the offense to a third-degree felony under section 22.01(b)(2)(A). Appellant pleaded guilty to the charge, and the trial court accepted the plea and placed appellant on five years' deferred adjudication probation. The trial court later adjudicated appellant's guilt, but the judgment adjudicating guilt includes only "22.01(b)(2)(A) Penal Code" as the "statute for offense."

Section 38.04(a) of the penal code sets out the elements of the evading arrest or detention offense, providing a person "commits an offense if he intentionally flees from a person he knows

is a peace officer . . . attempting to lawfully arrest or detain him." *See* PEN. § 38.04(a). Section 38.04(b)(1) raises the offense from a Class A misdemeanor to a state jail felony if the defendant, like appellant, has a previous conviction under section 38.04(a). *See id.* § 38.04(b)(1). The indictment in the evading arrest case alleged the elements of the offense as set out in section 38.04(a) and a prior evading arrest or detention offense under section 38.04(b)(1), and appellant entered a plea of guilty to the charge as alleged in the indictment. The judgment of conviction for evading arrest or detention, however, states that the "statute for offense" is "38.04(b)(1) Penal Code."

When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref'd). Because the judgments omit applicable subsections of the statutes describing the offenses, we sustain appellant's first and second issues. We modify the trial court's judgments' "statute of offense" sections to include section 22.01(a)(1) in the assault case and section 38.04(a) in the evading arrest case. *See, e.g., Edwards v. State*, No. 07-16-00265-CR, 2017 WL 461680, at \*2 (Tex. App.—Amarillo Jan. 30, 2017, no pet.) (mem. op., not designated for publication); *Abney v. State*, No. 03-15-00421-CR, 2016 WL 3361177, at \*3 (Tex. App.—Austin June 10, 2016, no pet.) (mem. op., not designated for publication).

In his third and fourth issues, appellant urges us also to reform the description of the offense in the trial court's judgments. Specifically, appellant requests removal of references to enhancement in the "offense for which defendant convicted" sections of the judgments. The State disagrees, asserting the enhancement notations do not refer to the punishment enhancement, but to the prior convictions in each case that are elements of the respective offenses.

The trial court's judgment should include an accurate description of the offense. *See Davis v. State*, 501 S.W.2d 629, 633 (Tex. Crim. App. 1973); *see also* CRIM. PROC. art. 42.01 §1(13). Here, the "offense for which defendant convicted" sections of the judgments, respectively, describe the offenses as "assault bodily injury family violence enhanced" and "evade arrest/det enh." Each indictment alleged a previous conviction that raised the degree of the offense and another previous conviction in an enhancement paragraph to enhance punishment. Under the circumstances, we disagree with the State that "enhanced" and "enh" in the judgments' descriptions clearly refer to the previous convictions alleged for purposes of classifying the degree of the offenses as opposed to the previous convictions alleged to enhance punishment. Further, the references are unnecessary. Without the references, each judgment still contains an accurate description of the offense and recites the applicable statutory offense and degree for that offense. Therefore, we sustain appellant's third and fourth issues and modify the "offense for which defendant convicted" sections of the judgments to delete the "enhanced" reference in the assault case and the "enh" reference in the evading arrest case. *Cf. Scroggins v. State*, Nos. 05-14-01225-20 & 21-CR, 2016 WL 3017577, at *3–4 (Tex. App.—Dallas May 18, 2016, no pet.) (mem. op, not designated for publication) (reforming judgment to remove "2nd" from "Unlawful Possession of a Controlled Substance, to-wit; Heroin 2nd Drug Free Zone"; although "2nd" may have been intended to show conviction was enhanced with a prior felony conviction, it did not accurately do so and was unnecessary).

In his fifth issue, appellant requests modification of the assault case judgment's finding that appellant "violated the terms and conditions of community supervision as set out in the State's Original Motion to Adjudicate Guilt . . ." when the record reflects that the State filed an amended motion to revoke and appellant pleaded true to the violations in the amended motion with the

exception of the aggravated robbery offense the State abandoned during the hearing on the motion. The State does not oppose appellant's request.

The record shows appellant pleaded true to each of the alleged violations in the State's amended motion to revoke with the exception of the aggravated robbery offense, which the State abandoned. The State also subsequently abandoned its allegations that appellant violated conditions (h), (j), (k), (m), and (n) regarding delinquent payments. The State presented no evidence on the aggravated robbery offense or violations of conditions (h), (j), (k), (m), or (n) at the plea hearing, and the trial court acknowledged the State's abandonment of each of the alleged violations. Despite the abandonment, the trial court's written judgment reflects that appellant "violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt." Attached to the judgment was the State's amended motion – and not the original motion. Accordingly, we sustain appellant's fifth issue and modify the judgment adjudicating guilt in the assault case to correctly reflect the trial court's finding that appellant violated only the following terms and conditions of community supervision: (a) as it relates to the evading arrest and detention offense alleged in cause number F1660694 only; (d); (f); (g); (l); (p); (q); (r); (t); (u); and (v) as set forth in the State's AMENDED Motion to Revoke Probation or Proceed with an Adjudication of Guilt. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*; 813 S.W.2d at 529–30.

In a cross-point, the State requests that the judgment in the assault case be modified to reflect an affirmative family-violence finding. If the trial court determines an offense involved family violence, it must make an affirmative finding of that fact and enter the affirmative finding in the judgment of the case. *See* CRIM. PROC. art. 42.013 (West 2018).[3] Here, the indictment

---

[3] "Family violence" is defined in relevant part as "an act by a member of a family or household against another member of the family or household that is intended to result in physical harm, bodily injury, or sexual assault" or dating violence as that term is described in section 71.0021 of the family code. *See* TEX. FAM. CODE ANN. § 71.004(1), (3) (West Supp. 2017). "Family" includes individuals who are parents of the same

alleged the complainant was a member of appellant's "family and household and with whom [appellant] had a dating relationship." Appellant entered a negotiated plea of guilty and judicial confession to the charge, agreeing to an affirmative family-violence finding, and the order of deferred adjudication included an affirmative family-violence finding. At the subsequent hearing on the State's amended motion to revoke, appellant testified that he "put [his] hands on" the complainant, the mother of his children. The trial court found the allegations in the State's motion to revoke to be true and found appellant guilty of the offense. The judgment adjudicating guilt does not contain a finding of family violence as required by article 42.013. Because the record is clear, we conclude the judgment should be modified to reflect such an affirmative finding. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *see, e.g., Johnson v. State*, No. 05-15-00060 & 61-CR, 2016 WL 1733610, at *7 (Tex. App.—Dallas Apr. 28, 2016, no pet.) (mem. op., not designated for publication). Accordingly, we sustain the State's cross-point and modify the trial court's judgment in the assault case to reflect a finding of family violence.

As modified, we affirm the trial court's judgments.


/Ada Brown/
ADA BROWN
JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)

171108F.U05

---

child. *See id*. § 71.003 (West 2014), and "dating relationship" is defined as a relationship between individuals who have or had a continuing relationship of a romantic or intimate nature. *See id.* § 71.0021(b)(West Supp. 2017).



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TERRENCE MIMS, Appellant

No. 05-17-01108-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1558852-T.
Opinion delivered by Justice Brown;
Justices Myers and Evans participating.

The Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Replace "22.01(b)(2)(A) Penal Code" in the "Statute for Offense" section with "22.01(a)(1), (b)(2)(A) Penal Code";

Replace "ASSAULT BODILY INJURY FAMILY VIOLENCE ENHANCED" in the "Offense for which Defendant Convicted" section with "ASSAULT BODILY INJURY FAMILY VIOLENCE";

Replace the following finding: "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows: See attached Motion to Adjudicate Guilt" with "(5) While on community supervision, Defendant violated the following terms and conditions of community supervision as set out in the State's AMENDED Motion to Revoke Probation or Proceed with an Adjudication of Guilt: (a) as it relates to the evading arrest and detention offense alleged in cause number F1660694 only; (d); (f); (g); (l); (p); (q); (r); (t); (u); and (v); and

Under the heading "**Furthermore, the following special findings or orders apply:**", add "**THE COURT FINDS THAT DEFENDANT WAS PROSECUTED FOR AN OFFENSE UNDER TITLE 5 OF THE PENAL CODE THAT INVOLVED FAMILY VIOLENCE. TEX. CODE CRIM. PROC. ART. 42.013. ****NO CONTACT ORDER WITH AJANCE LAVENDER****.**"

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered this 4th day of October, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TERRENCE MIMS, Appellant

No. 05-17-01109-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-1660694-T.
Opinion delivered by Justice Brown;
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Replace "38.04(B)(1) Penal Code" in the "Statute for Offense" section with "38.04(a), (B)(1) Penal Code"; and

Replace "EVADE ARREST/DET ENH" in "Offense for which Defendant Convicted" section with "EVADE ARREST/DET".

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 4th day of October, 2018.