**Affirm; Opinion Filed October 21, 2019.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-01541-CR**

**LADARION JENKINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F16-39885-M**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Reichek, and Carlyle
Opinion by Justice Pedersen, III

In three issues, appellant Ladarion Jenkins requests modification of the trial court's judgment to correct various clerical errors. For the following reasons, we sustain each issue raised, modify the judgment to correct the clerical errors, and affirm the judgment as modified.

### Background

Appellant was charged by indictment with assault bodily injury/family violence enhanced by a prior family-violence conviction. Pursuant to a plea bargain with the State, appellant pleaded guilty and judicially confessed to the offense. The trial court accepted the plea and placed appellant on two years' deferred-adjudication community supervision.

The State later moved to revoke appellant's community supervision. The trial court found the State's allegations to be true, revoked appellant's community supervision, adjudicated him

guilty, and sentenced him to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court also made an affirmative family-violence finding. Appellant timely filed his notice of appeal.

## Modification of the Judgment

In three issues, appellant asks this Court to modify the judgment to correct various clerical errors reflected in the judgment. In his first issue, appellant asks this Court to modify the judgment to reflect the correct name of the offense for which he was convicted. In his second issue, appellant asks this Court to modify the judgment to reflect that he entered a plea of "not true" to the State's amended motion to proceed with an adjudication of guilt. In his third issue, appellant asks this Court to modify the judgment to reflect that there was no plea bargain agreement. The State does not oppose these requests.

## Applicable Law

Appellate courts may modify a trial court's judgment and affirm it as modified. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id*. If a clerical error in the trial court's judgment is brought to our attention, we have a "mandatory duty" to correct it. *Id*.

## First Issue

In his first issue, appellant contends we should reform the judgment by removing the word "ENHANCE" from the description of the offense for which he was convicted. The trial court's judgment states that the offense for which appellant was convicted is "ASSAULT BODILY

INJURY/FAMILY VIOLENCE ENHANCE." Appellant contends that the word "ENHANCE" is unnecessary and that, without it, the judgment would still contains an accurate description of the offense.

The trial court's judgment should include an accurate description of the offense. *See Davis v. State*, 501 S.W.2d 629, 633 (Tex. Crim. App. 1973); *see also* TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1(13) (judgment in criminal case "shall reflect … [t]he offense or offenses for which the defendant was convicted."). If the judgment describes the wrong offense, we may reform the judgment to correct the inaccuracy. *See Burton v. State*, Nos. 05-18-00608-CR, 05-18-00609-CR, 05-18-00610-CR, 2019 WL 3543580, at *4 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication).

Here, the indictment charged appellant with assault bodily injury/family violence enhanced by a prior family-violence conviction, in violation of section 22.01(b)(2)(A) of the Texas Penal Code. The indictment also alleged a previous conviction for misdemeanor assault family violence. Under these circumstances, we cannot say that the "enhance" notation in the judgment's description of the offense clearly referred to the previous conviction alleged for purposes of classifying the degree of the offense or to the prior conviction alleged to enhance punishment. *See id.* at *5; *see also Mims v. State*, Nos. 05-17-01108-CR, No. 05-17-01109-CR, 2018 WL 4784571, at *2 (Tex. App.—Dallas Oct. 4, 2018, no pet.) (mem. op., not designated for publication) (modifying "the offense for which defendant convicted" portions of two judgments to delete the "enhanced" reference in one case and the "enh" reference in the other). Furthermore, the reference is not necessary. *See Mims*, 2018 WL 4784571, at *2. Without the reference, the judgment still contains an accurate description of the offense (assault bodily injury/family violence) and recites the applicable statutory offense (22.01 Penal Code) and degree for that offense (third degree felony). *See id*.

The State contends that the judgment is not technically incorrect. However, given this Court's ruling in *Mims*, the State does not oppose modification of the trial court's judgment to reflect a conviction for assault bodily injury/family violence. Because the "ENHANCE" notation is not necessary to describe the offense for which appellant was convicted, we sustain appellant's first issue and modify the offense section of the judgment to delete the "ENHANCE" notation from the offense's description.

### Second Issue

In his second issue, appellant requests that the judgment be modified to reflect that appellant entered a plea of " NOT TRUE" to the violations alleged in the State's allegations in its amended motion to adjudicate. The written judgment reflects that appellant pleaded "TRUE." According to the reporter's record, appellant initially entered a plea of "true," but later withdrew his plea of "true" and pleaded "not true" to the alleged violations. Because the necessary information appears in the record before us, we modify the judgment to accurately reflect appellant's plea. *See James v. State*, 425 S.W.3d 492, 501–02 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (record supported modification of pleas and findings on enhancement paragraphs). We delete the portion of the trial court's judgment that states "TRUE" under the heading "Plea to Motion to Adjudicate," and add the words "NOT TRUE" under that heading.

### Third Issue

In his third issue, appellant requests that the judgment be modified to show there was no plea bargain regarding the State's motion to adjudicate. The "Terms of Plea Bargain" section of the judgment has been filled in as follows: "8 YEARS TDCJ." However, other than the written judgment, the record contains no other documents, plea paperwork, or any indication that the State and appellant entered into a plea bargain agreement to resolve the State's motion to adjudicate.

Where the record contains the necessary information to do so, the court on appeal has the

power to reform incorrect judgments. TEX. R. APP. P. 43.2(b); *Asberry*, 813 S.W.2d at 529. Based on the record before us, we sustain appellant's third issue and modify the judgment to accurately reflect that there was no plea bargain regarding the State's motion to adjudicate.

## Conclusion

We conclude that appellant's requested modifications are warranted and sustain his issues. We modify the judgment as set forth in this opinion and as modified, we affirm the trial court's judgment.

/Bill Pedersen, III//
BILL PEDERSEN. III
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

181541f.u05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

LADARION JENKINS, Appellant

No. 05-18-01541-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 194th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F16-39885-M.
Opinion delivered by Justice Pedersen, III.
Justices Reichek and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) the word "ENHANCE" is removed from the name of the offense for which appellant was convicted, which shall now read "ASSAULT BODILY INJURY/FAMILY VIOLENCE;"

(2) the plea designation is modified to reflect that appellant pleaded "not true" to the State's motion to adjudicate; and

(3) the "terms of plea bargain" section is modified by removing "8 YEARS TDCJ" and replacing it with "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 21st day of October, 2019.